MILLS ET AL., APPELLANTS, *v.* CITY OF DAYTON, APPELLEE.

(No. 8613 — Decided January 15, 1985.)

*James W. Kelleher,* for appellants.

*Thomas G. Petkewitz,* director of law, and *Edward B. Neuman,* for appellee.

WEBER, J. This case is on appeal from the decision of the trial court which overruled appellants' motion for an award of prejudgment interest pursuant to R.C. 1343.03(C). The motion was filed to obtain an award of prejudgment interest on a judgment issued in this matter pursuant to a jury verdict of $20,000 to plaintiff-appellant Michelle Mills and of $5,000 to plaintiff Sharon Mills in a personal injury action. A hearing on the motion was held in the trial court. The trial court held that R.C. 1343.03(C) was unconstitutional, in violation of the due process guarantees of the Ohio and United States Constitutions, in violation of the right to a jury trial as provided by the Ohio Constitution, and that plaintiffs were not entitled to prejudgment interest.

The appellants present one assignment of error on appeal.

The sole assignment of error contends that the trial court erred in overruling the motion of appellants and in declaring R.C. 1343.03(C) unconstitutional. The trial court found that R.C. 1343.03(C) did not afford appellee and others similarly situated sufficient due process as guaranteed by the Ohio and United States Constitutions, and deprived them of the right to a jury trial as protected by the Ohio Constitution.

The statute in question, R.C. 1343.03(C), was enacted by the legislature, effective July 5, 1982, and provides:

"(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed

from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held *subsequent to the verdict or decision* in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case." (Emphasis added.)

Initially, we determine that this statute is remedial in nature. It merely imposes a civil sanction upon a party for a failure to make a good faith effort to settle. It provides another tool for courts to enforce the rights of the parties to a speedy settlement of their dispute. The court in *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175, 178 [40 O.O.2d 162], stated, "substantive law is that which creates duties, rights, and obligations, while procedural or remedial law prescribes methods of enforcement of rights or obtaining redress." R.C. 1343.03(C) provides that a party, who is owed money, may be paid interest on the money owed and held by an opposing party. The money owed has been determined at trial. The only issue to be determined pursuant to the motion is whether the party is entitled to interest on the money owed from the time the cause of action accrued or from the date judgment is entered. The statute does not impose any new duties, rights, or obligations on the parties. The parties are already bound to make a good faith effort to settle their dispute by strong principles of justice and public policy. This is not a new cause of action for prejudgment interest as was found by the court below, but a means developed by the legislature to provide a procedural vehicle for the enforcement of the public policy which requires that lawsuits be settled at the first opportunity and imposes a civil sanction against a party who holds money to its own use against the lawful claim of the other party which claim is not seriously disputable. In other words, this statute removes some of the advantages of delay for a stakeholder such as an insurance company who continues to be able to use money which should be paid to another solely because of the deliberative process.

As R.C. 1343.03(C) provides a civil sanction and is remedial in nature, it is to be applied from its effective date of July 5, 1982, to pending litigation. The rationale in *French* v. *Dwiggins* (1984), 9 Ohio St. 3d 32, and *Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100, is followed. See *Dailey* v. *Nationwide Demolition Derby, Inc.* (1984), 18 Ohio App. 3d 39, and *Huffman* v. *Hair Surgeon, Inc.* (Aug. 22, 1984), Hamilton App. No. C-830818, unreported, reversed in part on other grounds (1985), 19 Ohio St. 3d 83, which also held R.C. 1343.03(C) to be remedial and applicable from the date of its enactment.

It is well-settled that statutes enacted by the Ohio General Assembly are presumed to be constitutional, *Monroeville* v. *Ward* (1971), 27 Ohio St. 2d 179 [56 O.O.2d 110], and it is also presumed that the legislature intended to comply with the Ohio and United States Constitutions. R.C. 1.47(A). The statute in question, R.C. 1343.03(C), is presumed to be constitutional until established otherwise. Mere ambiguity in a statute does not render it unconstitutional, and it is the duty of the courts to interpret the statute so as to render it constitutional if possible. See *Gulf Oil Co.* v. *Kosydar* (1975), 44 Ohio St. 2d 208 [73 O.O.2d 507]. Thus, although the statute does not provide a definition of the term "good faith," this term may be defined by the judiciary in a manner consistent with the purpose and intent of the legislature. R.C. 1.49. In their opinion in *Dailey, supra,* at 41, the Fifth District Court of Appeals stated that "good faith effort to settle" is as follows: "What is required is an *effort* to

settle the case and that *effort* must be a good faith effort. An 'effort to settle' can be something less than a 'good faith effort' and still not be a 'bad faith effort.' The mere failure to do anything towards settlement (allowing the interest monies on the reserves to accumulate to the benefit of the party required to pay and to the detriment of the party to whom the money is to be paid) would be a failure to make a 'good faith effort to settle' but might well be short of 'a bad faith effort' to settle. * * * '[F]ail[ure] to make a good faith effort to settle' does not require a showing of 'bad faith' but, rather, the term 'good faith effort to settle' means an honest, purposeful effort, free of malice and the design to defraud or to seek an unconscionable advantage." (Emphasis sic.) Cf. *Ware* v. *Richey* (1983), 14 Ohio App. 3d 3, where the Cuyahoga County Court of Appeals held in paragraph five of the syllabus that "a lack of good faith (the equivalent of bad faith) requires more than bad judgment or negligence. Rather, it imports a dishonest purpose, conscious wrongdoing or breach of a known duty based on some ulterior motive or ill will in the nature of fraud."

The determination of whether a party is entitled to prejudgment interest is within the sound discretion of the trial court on a case by case basis. See *Cox* v. *Fisher Fazio Foods, Inc.* (1984), 13 Ohio App. 3d 336; *Roberts* v. *Mut. Mfg. & Supply Co.* (1984), 16 Ohio App. 3d 324; *Cincinnati Ins. Co.* v. *First National Bank* (1980), 63 Ohio St. 2d 220 [17 O.O.3d 136]. Under R.C. 1343.03(C), the moving party must prove that it did make a good faith effort to settle and that the party who is to pay the money failed to make a good faith effort. The trial court in this case appears to have made no finding whether the moving party was or was not entitled to prejudgment interest under the evidence presented at the hearing. The court made its ruling of denial of the motion

based on its conclusion that R.C. 1343.03(C) was unconstitutional. We find that R.C. 1343.03(C) is constitutional, that it is not vague and that it provides the parties with sufficient due process.

This does not end our inquiry, however, as we also find that the motion made by appellants for prejudgment interest was not timely. The judgment was entered in this case on July 23, 1982, the verdict having been rendered on July 19, 1982. The motion for prejudgment interest was filed on June 29, 1983, almost one year after the final judgment was entered. The fact that the judgment entered July 23, 1982 was appealed is not relevant because the legislature intended that the motion for prejudgment interest must be made and determined prior to the court's entering of the *final* judgment. This is consistent with Civ. R. 54, which contemplates that the obligation to pay costs of an action are to be included in the final entry of the court which determines the rights of the parties. As explained in the Staff Notes to Civ. R. 54(D), costs include interest, if any, on the judgment. The final entry of the court should therefore include an indication of the date from which interest is to be computed.

A party should consequently move for an award of prejudgment interest before the court issues the final judgment. Ordinarily, the time to make the motion would be immediately after the trial of the action when the verdict or decision is announced. It could be made orally at that time. Civ. R. 7(B)(1). A party is not precluded from moving for interest subsequent to the announcement of the verdict or decision, but the motion must be made prior to the filing of the final judgment with the clerk of courts so that the interest award can be included in the judgment entry. To permit a party to move for prejudgment interest after a final judgment is entered would contravene the well settled legal

principle of finality of judgments, lead to additional appeals as in this case, and would be contrary to the intention of the legislature indicated in R.C. 1343.03(C).

The lower court in this case was correct in overruling the instant motion, not because of the unconstitutionality of the statute, but because the motion pursuant to R.C. 1343.03(C) was not timely made. The appellants are not entitled to prejudgment interest from July 5, 1982, to July 23, 1982.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WILSON, J., concur.