PRUSZYNSKI ET AL., APPELLEES, *v.* REEVES; KAUFMAN ET AL., APPELLANTS.

[Cite as *Pruszynski v. Reeves*, 117 Ohio St.3d 92, 2008-Ohio-510.]

(No. 2006–2072—Submitted October 16, 2007—Decided February 14, 2008.)

**O'CONNOR, J.**

{¶ 1} Today we decide an issue that has caused much consternation among the trial and appellate courts in this state. Does a motion for prejudgment interest pursuant to R.C. 1343.03(C) require the trial court to conduct an evidentiary hearing before rendering a ruling? For the reasons that follow, we hold that a trial court must set a date certain for an evidentiary hearing before ruling on an R.C. 1343.03(C) motion for prejudgment interest. Consequently, courts of appeals do not have the authority to rule on a motion for prejudgment interest when the trial court has ruled on the motion without setting a date certain for an evidentiary hearing.

### Relevant Background

{¶ 2} On March 24, 2000, plaintiff-appellee Lucien Pruszynski, a minor on that date, was a front-seat passenger in a car driven by Sarah Reeves. While Reeves drove down Woodin Road in Hambden Township, Geauga County, defendants-appellants Charles Kaufman III and Vance Van Driest, both minors, were bicycling on Woodin Road. Reeves swerved to avoid them, but as she swerved back into her lane she lost control of the vehicle, driving it into a ditch. As a result of this accident, Lucien incurred medical bills because of injuries to his left knee, right leg, and right ankle.

{¶ 3} Lucien and his parents, Robert and Laurel Pruszynski, filed suit in the Geauga County Court of Common Pleas on November 25, 2002, against Sarah, Charles and his parents (Charles Jr. and Dinah Kaufman), and Vance and his mother (Denise Marlene Van Driest). The Kaufmans and the Van Driests disputed liability. Despite extensive pretrial discovery and mediation, the case was not settled.

{¶ 4} At trial, the jury found that all the defendants were liable in varying degrees for Lucien's injuries and awarded $175,000 to Lucien and $56,540.26 to his parents. The Pruszynskis subsequently filed a motion, with a request for a hearing, for prejudgment interest pursuant to R.C. 1343.03(C). Attached to the motion were several documents relating to the parties' settlement negotiations. The Pruszynskis later supplemented these exhibits with discovery obtained in

connection with the motion for prejudgment interest. After considering the Pruszynskis' briefs and those of the defendants, the trial court denied the motion for prejudgment interest without conducting a hearing.

{¶ 5} On appeal by the Pruszynskis, the Eleventh District Court of Appeals held that the trial court had abused its discretion in denying the motion for prejudgment interest with respect to the Kaufman and Van Driest defendants. *Pruszynski v. Reeves*, 11th Dist. No. 2005–G–2612, 2006-Ohio-5190, 2006 WL 2798257, ¶ 48. The appellate court therefore reversed the trial court's judgment denying the motion, determined that prejudgment interest was appropriate, and remanded the matter to determine the amount of prejudgment interest owed to the Pruszynskis. Id.

{¶ 6} The Kaufman and Van Driest defendants filed a notice of appeal with this court, and we granted discretionary jurisdiction to address the issue whether an evidentiary hearing is necessary prior to ruling on a motion for prejudgment interest pursuant to R.C. 1343.03(C).

## Analysis

{¶ 7} The central issue in this case revolves around the meaning of the word "hearing" found in R.C. 1343.03(C). That section of the Revised Code allows for the award of prejudgment interest if "upon motion of any party to a civil action that is based on tortious conduct, that has not been settled by agreement of the parties, and in which the court has rendered a judgment, decree, or order for the payment of money, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case." R.C. 1343.03(C)(1).[1] The nature and form of the required hearing are in dispute.

{¶ 8} The Revised Code does not define "hearing" as it relates to prejudgment interest. "In the absence of a statutory definition, we must apply the ordinary and common understanding of the term * * *. R.C. 1.42." *Culbreath v. Golding Ents., L.L.C.*, 114 Ohio St.3d 357, 2007-Ohio-4278, 872 N.E.2d 284, ¶ 22.

{¶ 9} In numerous instances, the General Assembly has used the term "hearing" without defining it. In those cases, we have left the nature of the hearing to the discretion of the trial court. The common characteristic of those hearings, however, is that they must be evidentiary hearings of some kind. We have not authorized trial courts to rule on motions in those circumstances based solely on the parties' briefs.

---

1. The version of R.C. 1343.03(C) in effect at the time of this case contained the same language regarding the hearing requirement as the current version of the statute.

{¶ 10} Also shedding light on our discussion is our recent holding that trial courts have discretion whether to schedule a formal hearing for a motion for summary judgment. *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 14. Regardless of whether or not there is a formal hearing, in *Hooten* we required an evidentiary hearing of some sort. When ruling on a motion for summary judgment, a trial court is limited to reviewing the pleadings and evidentiary materials submitted in support of and in opposition to the motion. The notice of hearing for summary judgment must be provided, however, either through local rules of procedure or a specific case-management order so as to schedule a deadline for submitting evidence and briefs supporting or opposing the motion. Id. at ¶ 35.

{¶ 11} Unlike a motion for summary judgment, a motion for prejudgment interest is not constrained by any kind of structure regarding the type of hearing that must be held. If we did not require an evidentiary hearing, the resulting presumption would be that no new evidence is required. To the contrary, a motion for prejudgment interest addresses facts and issues different from those submitted at trial. In fact, the issue of prejudgment interest pursuant to R.C. 1343.03(C) is akin to those areas of law calling for factual determinations reviewable under an abuse-of-discretion standard [2] because it calls upon the trial court to make factual determinations regarding the parties' good faith efforts to settle a case. *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 113 Ohio St.3d 474, 2007-Ohio-2457, 866 N.E.2d 1059, ¶ 7.

{¶ 12} Although the court may rely in part on its own participation during the pretrial and trial proceedings to aid in its ruling on the motion, *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 34, 734 N.E.2d 782, the parties have the right to a date certain for an evidentiary hearing. The trial court, however, has the discretion to determine the nature of the evidentiary hearing to be held, as it is in the best position to select the kind of evidence necessary to make the findings required by R.C. 1343.03(C) and determine whether an award of prejudgment interest is proper.

{¶ 13} Having conducted case-management conferences, pretrials, settlement conferences, and the trial, a court in some instances may decide that presentation of evidence by affidavits, depositions, and other documents is sufficient; at other times, the trial court may decide that an oral evidentiary hearing is more appropriate.

---

2. For example, "[w]here the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." *Rulli v. Fan Co.* (1997), 79 Ohio St.3d 374, 683 N.E.2d 337, syllabus.

{¶ 14} Regardless of the type of hearing selected by the trial court, the court can then use its discretion to rule on the motion based upon the evidence submitted. A trial judge, therefore, is required to schedule a date certain for the evidentiary review and/or oral hearing upon the filing of a motion for prejudgment interest. By providing this notice to the parties, the trial court respects their right to an evidentiary hearing while imposing a deadline. The trial court, however, does not have discretion to rule on a motion for prejudgment interest based solely on the motion and briefs unless the court previously has ordered a date certain for the submission of evidentiary materials, because the plain terms of the statute require that a hearing be held.

{¶ 15} We agree therefore with the reasoning of the Third District set forth in *King v. Mohre* (1986), 32 Ohio App.3d 56, 513 N.E.2d 1366. The appellate court noted, "[T]he factual determinations required under R.C. 1343.03(C) are separate from and unrelated to the legal and factual determinations made at the trial on the underlying cause of action. Indeed * * * unsworn allegations of facts presented in the motion cannot constitute 'evidence' in the proper sense of the term. * * * [W]e conclude that a hearing on a motion for prejudgment interest must be evidentiary in nature so as to permit a documented basis for the trial court's decision as well as to provide a meaningful record for appellate review." Id. at 58, 513 N.E.2d 1366.

{¶ 16} In reaching our conclusion, we are aware that some appellate courts have drifted away from the plain text of the statute in determining when a hearing is necessary. For example, some courts have held that "if it appears that no award of prejudgment interest is likely, the trial court has the discretion to rule on the motion without first convening a hearing." *Ready v. Barfield,* 8th Dist. No. 86929, 2006-Ohio-2590, 2006 WL 1428918, ¶ 9.

{¶ 17} Such discretion is not found in the statute, and it is only through an expansive interpretation of R.C. 1343.03(C)[3] that one appellate panel can conclude in some situations that a hearing need only be held if the trial court grants prejudgment interest, *Novak v. Lee* (6th Dist.1991), 74 Ohio App.3d 623, 600 N.E.2d 260, and another panel from the same district can determine that a hearing *does not need* to be conducted even if the court rules in favor of

---

3. In extreme cases, some courts have held that an informal discussion in chambers, in conjunction with the motion and brief in opposition, is sufficient to satisfy R.C. 1343.03(C)'s hearing requirement. E.g., *Arkwright Mut. Ins. Co. v. Toler,* 1st Dist. No. C–020589, 2003-Ohio-2202, 2003 WL 2003826, ¶ 22. Such a result should not be surprising given the manner in which some courts have so loosely defined "hearing" as used in R.C. 1343.03(C). If judicial discretion to decide whether a hearing is necessary could be so easily written into the statute by judicial interpretation, the danger would be that important requirements could be as easily written out.

prejudgment interest, *Cotner v. United States Fid. & Guar. Co.* (6th Dist.1998), 126 Ohio App.3d 664, 711 N.E.2d 248.

{¶ 18} The problem with both of these approaches is the uncertainty regarding the status of the evidentiary hearing—neither side will know whether the court intends to decide without further evidence. The standard announced today removes that uncertainty for the parties. Moreover, today's ruling gives greater guidance to the trial courts as to what their obligations are under the statute.

{¶ 19} Although we are sympathetic with Ohio's trial courts in their struggle with their crowded dockets and realize that the distinction drawn by some courts of appeals likely was meant to promote the laudable interest of judicial economy, *Goudy v. Stockton* (Sept. 14, 2001), 2d Dist. No. 2001–CA–46, 2001 WL 1048525, this is a public-policy argument that we should not be addressing. Trial courts may not dispense with an evidentiary hearing unless the General Assembly has granted them the discretion to do so. By the explicit terms of R.C. 1343.03(C)(1), trial courts do not have discretion to decide whether a hearing must be held. The language is quite clear that trial courts must conduct a hearing, and, for the reasons outlined above, the hearing must be an evidentiary hearing.

{¶ 20} Under our holding today, the trial court erred in ruling on the motion for prejudgment interest without first setting a date certain for an evidentiary hearing. The Pruszynskis originally filed their motion for prejudgment interest on October 29, 2004, briefs in opposition were filed on November 19 and December 8, 2004, the Pruszynskis supplemented their original motion on December 16, 2004, and the court denied the motion on December 21, 2004. At no point, however, did the trial court set a date certain for the submission of evidentiary materials or an oral evidentiary hearing. The court of appeals, therefore, exceeded the scope of its authority in awarding prejudgment interest to the Pruszynskis when the trial court had not conducted a hearing on that motion. The statute requires an evidentiary hearing, and one was not held. The appellate court therefore should not have circumvented the requirements of R.C. 1343.03(C) and awarded prejudgment interest.

### Conclusion

{¶ 21} For the foregoing reasons, we hold that a trial court must set a date certain for an evidentiary hearing before ruling on the merits of an R.C. 1343.03(C) motion for prejudgment interest. As a result, courts of appeals do not have the authority to grant a motion for prejudgment interest when the trial court has denied the motion without setting a date for an evidentiary hearing.

{¶ 22} We therefore reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., concurs in part and dissents in part.

---

**LANZINGER, J., concurring in part and dissenting in part.**

{¶ 23} I concur in the judgment of reversal and remand to the trial court because the court of appeals exceeded the scope of its authority in awarding prejudgment interest to the Pruszynskis. I cannot, however, read the plain text of the statute to require a hearing whenever a motion is filed.

{¶ 24} By its language, R.C. 1343.03(C)(1) lodges discretion in the judge. "If, upon motion * * *, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case, interest on the judgment, decree, or order shall be computed * * *." The statute does not say, "A court shall hold a hearing upon the filing of a motion * * *."

{¶ 25} The majority recognizes that the statutory procedure for a trial court's handling of motions for prejudgment interest was subject to differing interpretation by the courts of appeals. In resolving the issue, the majority holds that the trial court has discretion in determining the type of "evidentiary hearing" to be held when a motion for prejudgment interest is filed by a party. But in doing so, it has ignored the statute that allowed a trial judge the discretion to initially decide whether a hearing should be granted at all.

{¶ 26} Several good reasons are set forth for requiring the court to set a date certain for an evidentiary hearing on a motion for prejudgment interest. Nevertheless, the language of R.C. 1343.03(C)(1) is not one of them. I respectfully disagree with the analysis on this point.

---

Dinn, Hochman & Potter, L.L.C., and Steven B. Potter, for appellees.

Pfau, Pfau & Marando and John C. Pfau; and Denise B. Workum, for appellants Charles Kaufman III, Charles Kaufman Jr., and Dinah Kaufman.

Koeth, Rice & Leo Co., L.P.A., Clark D. Rice, and Shawn W. Schlesinger, for appellants Vance Van Driest and Marlene Van Driest.