DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Scott Kane, appeals from the decision of the Summit
 I. {¶ 2} This case arises from an automobile accident that occurred on September 12, 2002. Michael O'Day ("O'Day") was the driver of an automobile that collided with an automobile operated by Michael Saverko ("Saverko"). O'Day subleased his automobile from a former employer, DB Sales ("DB") and Saverko was driving a truck in the scope of his employment with Youngstown *Page 2 
Bridge and Iron Company ("YBI"). Scott Kane ("Kane") was a passenger in O'Day's automobile. Both Kane and O'Day were injured in the accident.
 {¶ 3} Kane filed suit on October 1, 2003 against O'Day, DB, Saverko, and YBI. On September 21, 2004, Kane settled his claims with Saverko and YBI for $47,500. However, this settlement agreement was not part of the record before this Court. Kane executed a release of claims in which Saverko did not admit liability. Kane then dismissed his claims against YBI and Saverko on March 24, 2005.[1] On November 8, 2004, O'Day and DB filed a motion for judicial adjudication of liability or in the alternative, motion for set-off. O'Day also filed a motion to compel Kane to disclose the amount of his settlement with Saverko. The trial court denied both motions and the case proceeded to a jury trial on March 7, 2006.
 {¶ 4} At trial, DB was dismissed from the case. Although Saverko was no longer a party in the case, O'Day argued that he was solely at fault for the accident. O'Day submitted a request to present a jury interrogatory apportioning liability between himself and Saverko. The trial court denied this request. The jury found O'Day liable to Kane in the amount of $20,000. Both parties moved for a judgment notwithstanding the verdict ("JNOV") which the trial court denied. On February 21, 2007, we affirmed the trial court's decision to disallow a jury *Page 3 
instruction apportioning liability between Saverko and O'Day, and its finding that O'Day was not entitled to a set-off of the settlement amount Kane received from Saverko. See Kane v. O'Day, 9th Dist. No 23225, 2007-Ohio-702. However, "we reverse[d] the decision of the trial court and remand[ed] with instructions to enter judgment in the amount of $20,772.98, representing [Kane's] uncontroverted special damages." Id. at ¶ 25.
 {¶ 5} On March 12, 2007, Kane filed a motion for prejudgment interest and to tax expenses as costs. He requested an oral hearing in his motion. In its September 10, 2007 order, the trial court noted that a hearing on this issue was held on August 21, 2007. The trial court denied Kane's request for prejudgment interest, but granted him costs. Kane appealed from this decision, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR " O'DAY'S FAILURE TO MAKE A GOOD FAITH EFFORT TO SETTLE THE CLAIM ENTITLES KANE TO PREJUDGMENT INTEREST."
 {¶ 6} In his sole assignment of error, Kane argues that O'Day's failure to make a good faith effort to settle the claim entitles him to prejudgment interest. We do not agree.
 {¶ 7} Prejudgment interest is governed by R.C. 1343.03(C)(1). This section provides: *Page 4 
 "If, upon motion of any party to a civil action that is based on tortious conduct, that has not been settled by agreement of the parties, and in which the court has rendered a judgment, decree, or order for the payment of money, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case, interest on the judgment, decree, or order shall be computed[.]"
 {¶ 8} In Moskovitz v. Mt. Sinai Med. Ctr. (1996), 69 Ohio St.3d 638, the Ohio Supreme Court explained that to award prejudgment interest, R.C. 1343.03 requires that 1) the party seeking the prejudgment interest must petition the court within the proper time frame, 2) the trial court must hold a hearing on the motion, 3) the trial court must determine that the party required to pay the judgment failed to make a good faith effort to settle, and 4) the trial court must find that the party owed the judgment did not fail to make a good faith effort to settle. Id. at 658. The Court further noted that
 "[t]he statute uses the word `shall.' Therefore, if a party meets the four requirements of the statute, the decision to allow or not allow prejudgment interest is not discretionary. What is discretionary with the trial court is the determination of lack of good faith." Id.
 {¶ 9} We review a trial court's determination regarding whether a party made a "good faith effort" to settle for an abuse of discretion. Id. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. However, as a threshold issue, we look to see if the components of the statute were met. *Page 5 
 {¶ 10} Initially, we note that in its September 10, 2007 order denying prejudgment interest, the trial court states that "[a] hearing was held on these matters on August 21, 2007." The Ohio Supreme Court has recently held that "[p]rior to ruling on the merits of a motion for prejudgment interest pursuant to R.C. 1343.03(C), a trial court must set a date certain for an evidentiary hearing." Pruszynski v. Reeves,117 Ohio St.3d 92, 2008-Ohio-510, at paragraph one of the syllabus. Further, the Court held that "[t]he trial court has the discretion to determine the nature of the evidentiary hearing to be held, as it is in the best position to select the kind of evidence necessary to make the findings required by R.C. 1343.03(C) and determine whether an award of prejudgment interest is proper." Id. at paragraph two of the syllabus.
 {¶ 11} In its explanation of its holding, the Court stated that
 "[i]f we did not require an evidentiary hearing, the resulting presumption would be that no new evidence is required. To the contrary, a motion for prejudgment interest addresses facts and issues different from those submitted at trial. In fact, the issue of prejudgment interest pursuant to R.C. 1343.03(C) is akin to those areas of law calling for factual determinations reviewable under an abuse of discretion standard because it calls upon the trial court to make factual determinations regarding the parties' good faith efforts to settle a case." Pruszynski, supra, at ¶ 11.
 {¶ 12} The Court further agreed with the reasoning of the third district, set forth in King v. Mohre (1986), 32 Ohio App.3d 56:
 "`[T]he factual determinations required under R.C. 1343.03(C) are separate from and unrelated to the legal and factual determinations made at the trial on the underlying cause of action. Indeed * * * unsworn allegations of facts presented in the motion cannot *Page 6 
constitute "evidence" in the proper sense of the term. * * * [W]e conclude that a hearing on a motion for prejudgment interest must be evidentiary in nature so as to permit a documented basis for the trial court's decision as well as to provide a meaningful record for appellate review.'" Pruszynski, supra, at ¶ 15, quoting King, 32 Ohio App.3d at 58.
 {¶ 13} On September 7, 2007, the parties stipulated that on August 21, 2007, the trial court "conducted a duly noticed oral evidentiary hearing." In this stipulation, signed by counsel for both parties, the trial court noted that "[t]he parties were both given [an] opportunity to present oral arguments and present evidence-both at the hearing and in the respective briefs submitted in the matter." In its order, the trial court noted that "[b]ased upon the testimony and evidence presented, the Court cannot find that Defendants in this matter did not make a good faith effort to settle the case." We find that the trial court clearly relied on the evidence presented at the August 12, 2007 oral hearing. However, we have not been provided a transcript of this hearing. We have repeatedly stated that it is the duty of the appellant to provide the Court with a transcript for review because he bears the burden of demonstrating error by reference to matters in the record.State v. Skaggs (1978), 53 Ohio St.2d 162, 163. App.R. 9(B) provides that an appellant shall order from the reporter the portion of the transcript that he deems necessary for the resolution of assigned errors. Kane has not met the burden of producing a transcript of the proceedings from which he claims error. Without the necessary transcript, we must presume regularity. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. We cannot find that the trial court's *Page 7 
determination was an abuse of discretion. Accordingly, Kane's assignment of error is overruled.
 III. {¶ 14} Kane's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 8 
Costs taxed to Appellant.
SLABY, J., CARR, P. J. CONCUR
[1] In order to facilitate the discussion, Saverko and YBI will hereinafter be referred to collectively as "Saverko". *Page 1