[Cite as *Clifford v. Aleshire*, 2013-Ohio-2591.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| JACQUIN CLIFFORD FKA | : | Hon. W. Scott Gwin, P.J. |
| COTTRELL, ET AL | : | Hon. Sheila G. Farmer, J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiffs-Appellants | : |  |
|  | : |  |
| -vs- | : | Case No. 2012-CA-76 |
|  | : |  |
| LONNIE J. ALESHIRE, JR. | : |  |
|  | : | O P I N I O N |
| Defendant-Appellee | : |  |

CHARACTER OF PROCEEDING:    Civil appeal from the Licking County Court
of Common Pleas, Case No. 2010CV093

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    June 20, 2013

APPEARANCES:

For Plaintiffs-Appellants          For Defendant-Appellee

BEVERLY FARLOW                 ALVAND MOKHTARI
CHELSEA BERGER                 PLUNKETT COONEY
270 Bradenton Avenue, Ste. 100    300 East Broad Street, Ste. 590
Dublin, OH 43017                Columbus, OH 43215

*Gwin, P.J.*

{¶1} Appellants appeal the September 4, 2012 judgment entry of the Licking County Common Pleas Court denying their motion for prejudgment interest.

*Facts & Procedural History*

{¶2} Appellants, former parishioners of Licking Baptist Church, filed a complaint against appellee Lonnie J. Aleshire, Jr., the church music director and youth leader, alleging sexual assault, battery, false imprisonment, intentional infliction of emotional distress, defamation, and loss of consortium. At the conclusion of a jury trial, the jury awarded appellants a total of $4,350,623. On August 31, 2012, the trial court memorialized the jury verdict in a final judgment entry.

{¶3} On July 12, 2012, appellants filed a motion for prejudgment and post judgment interest and requested oral hearings on the motions. Appellants initiated discovery pertaining to the motions for prejudgment and post judgment interest by sending a Request for Production of Documents to appellee and a Notice of Submittal of Plaintiffs' Request for Production of Documents Pertaining to Plaintiffs' Motion for Prejudgment and Postjudgment Interest with the trial court on July 16, 2012. Appellee filed an opposition to the motion on July 30, 2012 and filed a motion for protective order regarding all post-trial production of documents. In their opposition to the motion for prejudgment interest, appellee argued appellants knew appellee had no insurance coverage for the award of damages as Church Mutual denied coverage to appellee because appellants' lawsuit alleged intentional sexual misconduct.

{¶4} The trial court did not set a date certain for the submission of evidentiary materials or an oral evidentiary hearing on the motion for prejudgment interest. The trial

court entered a judgment entry on September 4, 2012, granting appellants' motion for post judgment interest, but denying appellants' motion for prejudgment interest. In the judgment entry the trial court stated, "Defendant's insurer offered to pay the costs of defense, but they are not liable for defendant's intentional sexual assaults."

{¶5} Appellants now raise the following assignments of error on appeal:

{¶6} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO SET AN EVIDENTIARY HEARING PRIOR TO RULING ON A MOTION FOR PREJUDGMENT INTEREST, AS IS REQUIRED BY THE OHIO SUPREME COURT IN *PRUSZYNSKI V. REEVES*, 117 OHIO ST.3D 92, 93-96 (2008).

{¶7} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT BY ISSUING A RULING ON PLAINTIFFS-APPELLANTS' MOTION FOR PREJUDGMENT INTEREST THAT RELIES ON EVIDENCE THAT IS NOT AVAILABLE WITHIN THE RECORD.

{¶8} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT BY MAKING A FINDING OF FACT ABOUT DEFENDANT-APPELLEE'S INSURER'S LIABILITY WHEN THERE IS NO SUPPORT FOR THE FINDING WITHIN THE RECORD.

{¶9} "IV. ALTERNATIVELY, THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT "THE FACTORS SET FORTH IN SECTION 1343.03(C) HAVE NOT BEEN DEMONSTRATED NOR CAN THEY BE," AND THUS IN DENYING PLAINTIFFS-APPELLANTS' MOTION FOR PREJUDGMENT INTEREST."

I.

**{¶10}** Questions of law are reviewed by the court de novo. *Erie Ins. v. Paradise*, 5th Dist. No. 2008CA00084, 2009-Ohio-4005, ¶ 12.

**{¶11}** R.C. 1343.03(C)(1) states as follows:

"If, upon motion of any party to a civil action that is based on tortious conduct, that has not been settled by agreement of the parties, and in which the court has rendered a judgment, decree, or order for the payment of money, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case, interest on the judgment, decree, or order shall be computed * * *"

**{¶12}** In 2008, the Ohio Supreme Court considered the meaning of the word "hearing" found in R.C. 1343.03(C) in *Pruszynski v. Reeves*, 117 Ohio St.3d 92, 2008-Ohio-510, 881 N.E.2d 1230. The Supreme Court specifically stated a trial court cannot "drift away from the plain text of the statute" and rule on a motion for prejudgment interest without a hearing simply because "it appears that no award of prejudgment interest is likely." *Id.* at 96. The Ohio Supreme Court reasoned that if they did not require an evidentiary hearing, the "resulting presumption would be that no new evidence is required. To the contrary, a motion for prejudgment interest addresses facts and issues different from those submitted at trial." *Id.* at 95. In its conclusion, the Supreme Court held a "trial court must set a date certain for an evidentiary hearing

before ruling on the merits of an R.C. 1343.03(C) motion for prejudgment interest." *Id.* at 97. Further, "courts of appeals do not have the authority to grant a motion for prejudgment interest when the trial court has denied the motion without setting a date for an evidentiary hearing." *Id.*

**{¶13}** Here, the trial court did not set a date certain for the submission of evidentiary materials or an oral evidentiary hearing on appellants' motion for prejudgment interest. Since a motion for prejudgment interest addresses facts and issues different from those submitted at trial, we have no record upon which to review the trial court's decision to deny prejudgment interest.

**{¶14}** Pursuant to the Ohio Supreme Court's holding in *Pruszynski v. Reeves*, we find the trial court erred as a matter of law by failing to set a date certain for the submission of evidentiary materials or an oral evidentiary hearing on appellants' motion for prejudgment interest. Appellants' first assignment of error is sustained.

III.

**{¶15}** Appellants argue the trial court erred in making a finding of fact about the insurer's liability in its judgment entry on prejudgment and post judgment interest. Appellee argues the trial court did not make a factual finding there is no insurance coverage; rather, the trial court made a conclusion, based upon the law, that public policy precludes insurance coverage for such acts.

**{¶16}** Both parties agree appellants can file a declaratory judgment action pursuant to R.C. 2721.02(B) to determine whether the insurance policy's coverage extends to the occurrences at issue in this case since the trial court entered its final

judgment on August 31, 2012. Both parties also agree the issue of insurance coverage is not properly before the trial court at this time.

**{¶17}** We agree with the parties that the issue of insurer liability is not properly before the trial court at this point in time. Accordingly, to the extent that the trial court made a finding of fact involving insurer liability for appellee's torts, the trial court erred. Assignment of Error III is sustained.

## II. & IV.

**{¶18}** Because we found the trial court erred in failing to set a date certain for the submission of evidentiary materials or an oral evidentiary hearing on appellants' motion for prejudgment interest, we need not reach the issue of whether the trial court erred in relying on evidence not available in the record or abused its discretion in finding the factors set forth in R.C. 1343.03(C) have not been demonstrated.

{¶19} The September 4, 2012 judgment entry of the Licking County Common Pleas Court denying appellants' motion for prejudgment interest is reversed and the matter is remanded to the trial court for further proceedings in accordance with the law and this opinion.

By Gwin, P.J.,

Farmer, J. and

Baldwin, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. CRAIG R. BALDWIN

WSG:clw 0528

[Cite as *Clifford v. Aleshire*, 2013-Ohio-2591.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

JACQUIN CLIFFORD FKA
COTTRELL, ET AL                              :
                                             :
            Plaintiffs-Appellants            :
                                             :
                                             :
-vs-                                         :          JUDGMENT ENTRY
                                             :
LONNIE J. ALESHIRE, JR.                      :
                                             :
                                             :
            Defendant-Appellee               :          CASE NO. 2012-CA-76


For the reasons stated in our accompanying Memorandum-Opinion, the September 4, 2012 judgment entry of the Licking County Common Pleas Court denying appellants' motion for prejudgment interest is reversed and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs to appellee.


                                        _____
                                        HON. W. SCOTT GWIN


                                        _____
                                        HON. SHEILA G. FARMER


                                        _____
                                        HON. CRAIG R. BALDWIN