[Cite as *State v. Allen*, 2023-Ohio-4032.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellant,<br><br>- vs -<br><br>JEFFREY M. ALLEN d.b.a.<br>ALLEN ALLOYS & IRON, LLC, et al.,<br><br>Defendants-Appellees. | CASE NOS. 2023-P-0008<br>2023-P-0009<br><br>Criminal Appeals from the<br>Court of Common Pleas<br><br><br>Trial Court Nos. 2022 CR 01368 C<br>2022 CR 01368 D |

**O P I N I O N**

Decided: November 6, 2023
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*Donald J. Malarcik*, Malarcik, Pierce, Munyer & Will, 121 South Main Street, Suite 520, Akron, OH 44308 (For Defendant-Appellee, Jeffrey M. Allen d.b.a. Allen Alloys & Iron, LLC).

*Troy A. Reeves*, 11 River Street, Kent, OH 44240 (For Defendant-Appellee, Jeremiah W. Allen d.b.a. Allen Alloys & Iron LLC).

EUGENE A. LUCCI, J.

{¶1} Appellant, the state of Ohio, appeals the judgments ordering conditional release of seized property to appellees. We affirm.

{¶2} In 2022, law enforcement executed a search warrant on Allen Alloys & Iron, LLC, resulting in the seizure of equipment, tools, vehicles, and cash. Thereafter, the

Portage County Grand Jury jointly indicted appellees, Jeffrey M. Allen and Jeremiah W. Allen, d.b.a. Allen Alloys & Iron, LLC, on 43 counts, including multiple counts of scrap metal dealing without registration, in violation of R.C. 4737.04.[1]  Attendant to the first of these counts was a forfeiture specification regarding the following property: (1) $47,333.59, (2) a Yale Veracitor 80VX Forklift, (3) a Yale Veracitor 60VX Forklift, (4) a Liebherr LH30 Crane, (5) a Koehring Excavator, (6) a 2017 Bobcat Skid Steer, (7) a 2010 Hamech Forklift, (8) a Hitachi Excavator, (9) a 2006 Kenworth T800 Truck, (10) a 1993 Ford LNT9000, (11) a 2001 Mack Truck 600, (12) a 1987 Kenworth Dump Truck, (13) three bins of miscellaneous power tools, (14) a 2008 Ford F650 Flatbed, and (15) a 2018 Dodge Ram 5500 Flatbed Tow Truck.   The charges against appellees also included 14 counts of criminal tools, in violation of R.C. 2923.24, with one count relative to each of the items of property listed in numbers 2 through 15 above.  The criminal tools charges each contained a forfeiture specification relative to the property listed in the attendant count.

{¶3}    Appellees entered not guilty pleas to the charges.  Thereafter, the court ordered return of the 1987 Kenworth Dump Truck to appellees on the motion of the state.

{¶4}    On March 2, 2023, appellee Jeffrey M. Allen d.b.a. Allen Alloys & Iron, LLC ("Jeffrey") filed a motion for return of property pursuant to R.C. 2981.03(A)(4) (pertaining to unlawful seizure) and (D)(1) (pertaining to conditional release).  The motion was additionally filed in the case against appellee Jeremiah W. Allen d.b.a. Allen Alloys & Iron, LLC ("Jeremiah").   In the motion, Jeffrey maintained that he is the sole owner of Allen Alloys & Iron, LLC, and he would present the court with proof of his ownership of the items

_____

1. Additional charges were filed against only Jeffrey M. Allen d.b.a. Allen Alloys & Iron, LLC that are not at issue in these appeals.

2

Case Nos. 2023-P-0008 and 2023-P-0009

for which he sought return.  Jeffrey further stated that there was no dispute that each item described in the motion was seized from his property.  Jeffrey indicated that he was 59 years old and had substantial ties to the community, in that he was a lifelong resident of Streetsboro, where he attended school, worked, raised his children, owned a home, served in public office, provided scholarships to Streetsboro students, donated money to the Streetsboro Athletic Department, and sponsored the high school's homecoming dinner.  Jeffrey maintained that he suffered a substantial hardship from seizure of the property because his business was unable to fully operate without the seized equipment and inventory, and, without court intervention, the business would be forced to lay off employees.

{¶5}  The trial court held a hearing on the motion on March 2, 2023, at which counsel for Jeremiah indicated that he was joining the motion for return of property.[2] Although the motion for return of property had been filed in these cases on the same date as the hearing, counsel for Jeffrey indicated that he had previously requested return of the property from officials orally and through a motion filed prior to indictment in this case which had been assigned a miscellaneous case number.  Counsel for the parties presented oral argument, and Jeffrey's counsel presented several exhibits without objection.  The state responded that it had just received the motion and requested that it be permitted to respond in writing thereafter.  The court allowed the state to so proceed, and it scheduled the matter to resume on March 8, 2023 for resolution of the motion.

2. The state did not object below to Jeremiah joining the motion, nor does the state advance any argument on appeal as to the propriety of the motion and related proceedings being filed in Jeremiah's case.

3

Case Nos. 2023-P-0008 and 2023-P-0009

**{¶6}** In its written response to the motion, the state indicated that it was unclear which items Jeffrey sought to be conditionally released. It requested the trial court to reserve ruling on the motion until it could provide evidence ex parte to demonstrate the necessity in maintaining possession of the items pursuant to R.C. 2981.03(D)(4).

**{¶7}** On March 8, 2023, the trial court heard evidence ex parte from the state over the objection of the defendants.[3] The court then heard arguments from counsel on the motion.

**{¶8}** Thereafter, the trial court granted conditional release of property in an order dated March 9, 2023, filed in each appellee's case. The order required appellees to deposit titles to the vehicles with the clerk of courts and prohibited appellees from selling, transferring, encumbering, interfering with, or diminishing the value of the property.[4]

**{¶9}** In its sole assigned error advanced in each appeal, the state maintains:

**{¶10}** "The trial court erred in granting Defendants' motion to return property where Defendants failed to present sufficient evidence in support of the motion."[5]

**{¶11}** In its assigned error, the state maintains that the trial court improperly granted the motion for conditional release despite the lack of evidence establishing a substantial hardship or ties to the community as required by R.C. 2981.03(D). Accordingly, this court must first determine whether the defendants were required to submit evidentiary quality materials to support their motion.

---

3. A sealed copy of the transcript of the ex parte hearing has been included in the record on appeal.

4. The court later modified conditions on the order to require a $500,000.00 bond and to permit inspections of the property by the State Highway Patrol.

5. The state brought these appeals pursuant to R.C. 2945.67, which provides that the state may appeal as a matter of right a decision of the trial court in a criminal case that grants a motion for the return of seized property.

4

Case Nos. 2023-P-0008 and 2023-P-0009

{¶12} As noted above, the trial court granted conditional release of the property. Conditional release of seized property is governed by R.C. 2981.03(D), which provides, in relevant part:

> (D)(1) A person with an interest in property that is subject to forfeiture and that is seized under this chapter may seek conditional release of the property by requesting possession from the person with custody of the property. The request shall demonstrate how the person meets the requirements specified in divisions (D)(3)(a), (b), and (c) of this section.
>
> (2) If the person with custody of the property does not release the property within fifteen days after a person makes a request under division (D)(1) of this section, or within seven days after a person makes the request if the property was seized as a mobile instrumentality * * *, *the person who made the request may file a petition for conditional release with the court in which the * * * indictment * * * is filed * * *. The petition shall demonstrate how the person meets the requirements specified in divisions (D)(3)(a), (b), and (c) of this section and the steps the person has taken to secure release of the property from the official.* Unless extended for good cause shown, the petition shall be filed either within thirty days of the filing of a complaint, an indictment, or information in the forfeiture action or, if no complaint, indictment, or information is filed, within thirty days of the seizure of the property.
>
> *If the court finds that the person meets the criteria specified in divisions (D)(3)(a), (b), and (c) of this section, the court shall order the property's conditional return to the person pending completion of the forfeiture action.* In issuing this order, the court shall notify the person of the prohibitions against interfering with or diminishing property in section 2981.07 of the Revised Code and may make any order necessary to ensure that the value of the property is maintained.
>
> * * *
>
> (3) Except when there is probable cause that the property is contraband, property that must be held for a reasonable time as evidence related to an offense, or property that is likely to be used in additional offenses or except when the state or political subdivision meets the burden imposed under division (A)(5) of this section regarding alleged proceeds, *a court may*

5

Case Nos. 2023-P-0008 and 2023-P-0009

*conditionally release property subject to forfeiture to a person who demonstrates all of the following:*

*(a) A possessory interest in the property;*

*(b) Sufficient ties to the community to provide assurance that the property will be available at the time of trial;*

*(c) That failure to conditionally release the property will cause a substantial hardship to the claimant.*

(4) In determining whether a substantial hardship exists, the court shall weigh the claimant's likely hardship from the state's or political subdivision's continued possession of the property against the risk that the property will be destroyed, damaged, lost, concealed, or transferred if returned to the claimant. The court shall consider in favor of release the possibility that withholding the property would prevent a legitimate business from functioning, prevent the claimant's or an innocent person from maintaining employment, or leave the claimant or an innocent person homeless.

(5) *If the state or political subdivision shows that the claimant's petition is frivolous, the court shall deny the petition. Otherwise, the state or political subdivision may respond to the petition by submitting evidence ex parte to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending trial.*

(6) The court shall decide on the petition not more than twenty-one days after it is filed. If the property seized is alleged to be a mobile instrumentality, the court shall decide on the petition not more than ten days after it is filed. * * * In any case, the court may extend the time for deciding on the petition by consent of the parties or for good cause shown.

(Emphasis added.)

{¶13} Thus, the statute does not specifically require evidentiary quality materials to be submitted in support of a petition for conditional release of property. Instead, the statute requires the claimant to demonstrate *in the petition* (a) a possessory interest in the property, (b) sufficient ties to the community to ensure that the property will be

6

Case Nos. 2023-P-0008 and 2023-P-0009

available at the time of trial, and (c) a substantial hardship to the claimant. R.C. 2981.03(D)(2) and (3). *Compare* R.C. 2981.03(A)(4) (requiring hearing on motion for return of property based on unlawful seizure if filed prior to indictment or, if filed after indictment by a defendant, requiring the motion to be treated as a motion to suppress evidence).

{¶14} In arguing that the claimant must provide evidentiary quality materials to support his petition for conditional release of property, the state relies on *Flynn v. Nutt*, 11th Dist. Trumbull No. 96-T-5466, 1996 WL 648938, *2 (Oct. 25, 1996). In *Flynn*, this court held that a hearing on a motion for prejudgment interest is evidentiary in nature, and because the statements of counsel are not evidence, the trial court erred in considering these statements in awarding prejudgment interest. In support, this court relied on *King v. Mohre*, 32 Ohio App.3d 56, 513 N.E.2d 1366 (3d Dist.1986), which, in turn, relied on law that had developed regarding motions to vacate under Civ.R. 60(B), for the proposition that "'[u]nsworn allegations of operative facts contained in the motion are not sufficient evidence upon which to grant the motion.'" *King* at 58, quoting 63 Ohio Jurisprudence 3d, Judgments, Section 671, at 503-504 (1985).

{¶15} However, we are not persuaded that it is proper to import case law pertinent to awarding prejudgment interest or vacating judgments under Civ.R. 60(B) to judgments granting conditional release of property. Unlike judgments granting prejudgment interest or vacating prior judgments, a judgment awarding conditional release permits the possession of property to be returned to one with a possessory interest only while the forfeiture matter is pending, and the court may make any order necessary to ensure that the value of the property is maintained. R.C. 2981.03(D)(2). Due to the conditional and

7

temporary nature of a judgment granting conditional release of property, we decline to read into the statute a requirement that the court must deny a petition for conditional release where a claimant fails to submit evidentiary quality materials establishing the circumstances required under R.C. 2981.03(D)(3)(a) through (c). Accordingly, the trial court here did not err in relying on the allegations in the petition to demonstrate these requirements.

{¶16} As the state's sole assigned error relies on the premise that the trial court could not rely only on the petition's allegations to demonstrate the claimant's possessory interest, ties to the community, and substantial hardship, the state's assigned error advanced in each case lacks merit.

{¶17} The judgments are affirmed.

MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

8