[Cite as *Persello v. Allstate Ins. Co.*, 2011-Ohio-3230.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STEVEN F. PERSELLO | ) | CASE NO. 10 MA 18 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ALLSTATE INSURANCE CO., et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common Pleas of Mahoning County, Ohio Case No. 08 CV 4333

JUDGMENT: Vacated and Remanded.

APPEARANCES:

For Plaintiff-Appellant: Atty. Gregg A. Rossi
Rossi & Rossi
26 Market Street, 8th Floor
P.O. Box 6045
Youngstown, Ohio 44503

For Defendants-Appellees: Atty. Adam E. Carr
The Carr Law Office, LLC
5824 Akron-Cleveland Road, Suite A
Hudson, Ohio 44236

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: June 21, 2011

WAITE, P.J.

{1}    Plaintiff-Appellant, Steven F. Persello, appeals the decision of the Mahoning County Court of Common Pleas denying a motion for prejudgment interest on his uninsured motorist ("UIM") claim against Appellee Allstate Insurance Company ("Allstate").    Appellant contends that the trial court should have established the accrual date for prejudgment interest as the date of the accident, in keeping with *Landis v. Grange Mutual Ins. Co.* (1998), 82 Ohio St.3d 339, 695 N.E.2d 1140. *Landis* allows a trial court discretion in setting the accrual date for prejudgment interest in underinsured motorist ("UM") and UIM cases, but that discretion is not unlimited.  It appears that the magistrate in the instant case has effectively set the date of final judgment as the accrual date for prejudgment interest by requiring that the plaintiff be a creditor of a calculated sum of money before prejudgment interest may accrue.  This conclusion comports with neither the holding nor spirit of the *Landis* opinion.  Further, pursuant to *Royal Elec. Constr. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 652 N.E.2d 687, prejudgment interest is intended to compensate a claimant for the period of time between the accrual of the claim and the final judgment, without regard as to whether the claim was unliquidated or incapable of ascertainment until final judgment is rendered.  We hereby vacate the final judgment and the magistrate's decision in this case so that the matter of prejudgment interest may be properly reconsidered pursuant to *Landis* and *Royal Elec.*

{2}    Our review of this matter does not stop here, however.  A second issue that arose through Allstate's response to this appeal is whether Appellant waived the alleged error by failing to object to the magistrate's decision.  Appellant did not file

objections to the magistrate's decision due to a stipulation that was signed by both parties and the trial judge. The stipulation states that the magistrate would preside over the jury trial and would make all decisions and judgments in the case. The parties also agreed that all findings of fact and conclusions of law would be binding, and that the trial judge was merely given authority to approve all of the magistrate's decisions and orders. The stipulation also stated that the parties waived all objections to the magistrate's orders but preserved their rights of appeal. On review, it is apparent that this stipulation attempts to abrogate the trial court's oversight of the objection and review process mandated by Civ.R. 53(D); hence, it is unenforceable to that extent. As this was a court-sanctioned stipulation and waiver, it would be inequitable for any party to be deemed to have waived its right to object to the magistrate's decision. Because it is invalid, we must vacate in part the September 29, 2009, Stipulation, Waiver and Consent. On remand, the trial court must proceed pursuant to Civ.R. 53. Following the reissuance of a magistrate's decision on prejudgment interest, the parties will follow the rules governing objections to the magistrate's decision as set forth in Civ.R. 53(D)(3)(b)(1). Any further action, including the filing of supporting transcripts, granting of continuances, and ultimate review by the trial court, must proceed as set forth in Civ.R. 53.

{3} The January 13, 2010, judgment of the trial court and the December 10, 2009, magistrate's decision (captioned as a "judgment entry") are vacated, along with part of the September 29, 2009, Stipulation, Waiver and Consent, as further explained below. The case is remanded for further proceedings consistent with this Opinion.

Case History

**{4}** Appellant suffered bodily injury as a result of a car accident which took place on November 6, 2007, between himself and Patrick J. Prest, an uninsured motorist. At the time of the accident, Appellant had an automobile insurance policy with Allstate Property and Casualty Insurance Company (hereinafter referred to as "Allstate"). The policy included UM/UIM coverage with limits of $100,000 per person and $300,000 per accident. On November 4, 2008, Appellant filed suit against Mr. Prest and Allstate. Mr. Prest never defended the action and the parties stipulated to the fact that he was uninsured at the time of the accident.

**{5}** The case was mediated to an impasse during which Allstate made several settlement offers which were refused by Appellant. The case proceeded to a jury trial before a magistrate on September 29-30, 2009, on disputed issues involving the nature and extent of Appellant's alleged injuries, proximate cause and damages. At trial, Appellant sought $40,000 in lost wages, and $10,000 in medical bills and injuries. The jury awarded a total verdict of $34,400.00 in favor of Appellant. On October 2, 2009, the trial court entered judgment against Allstate in the amount of the verdict. Allstate paid the judgment within two weeks of the filing of the judgment entry.

**{6}** Appellant timely moved for prejudgment interest at the statutory rate, asking for prejudgment interest to be calculated from the date of the automobile accident through the date of judgment. After a hearing on the matter, the magistrate denied the motion. Appellant appealed the magistrate's decision to this Court. We dismissed the appeal for lack of a final, appealable order. *Persello v. Allstate Ins. Co.*

(Jan. 8, 2010), 7th Dist. No. 09 MA 212. The trial court entered a final judgment to adopt the magistrate's decision on January 13, 2010. Appellant then timely filed this appeal.

### General Law

**{7}** In Ohio, the leading case on the issue of prejudgment interest in an UM/UIM claim is *Landis v. Grange Mutual Ins. Co.* (1998), 82 Ohio St.3d 339, 695 N.E.2d 1140. In *Landis*, the Supreme Court of Ohio recognized that UM/UIM claims are contractual in nature and therefore subject to R.C. 1343.03(A) with respect to the award and calculation of interest. Id. at 341. R.C. 1343.03(A) provides in pertinent part: "[W]hen money becomes due and payable upon any * * * instrument of writing * * * and upon all judgments * * * for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code[.]"

**{8}** In *Landis*, the insured was covered by the UM provisions of his employer's automobile insurance policy, with limits of $1,000,000. The insured was walking in Sandusky, Ohio, when he was struck by an underinsured motorist. The tortfeasor's insurer paid the liability limit of $100,000 to Mr. Landis, and he presented a UM claim to Grange. Grange denied the claim, and Mr. Landis filed a declaratory judgment action to determine coverage. The trial court eventually ruled in Mr. Landis' favor and the case was submitted to an arbitrator to determine damages pursuant to the terms of the insurance policy. The arbitrator awarded the full policy limits as damages. Mr. Landis then filed a motion for prejudgment interest, which was denied. The prejudgment interest issue was appealed to the Ohio Supreme Court.

**{9}** *Landis* held that a UM/UIM claim sounds in contract rather than tort and is governed by the section of the prejudgment interest statute dealing with contract claims, R.C. 1343.03(A). The *Landis* Court further reasoned that whether prejudgment interest "should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if Grange had not denied benefits, or some other time based on when Grange should have paid Landis *is for the trial court to determine.*" (Emphasis added.) Id. at 342. Grange had argued that prejudgment interest could not begin to accrue until the undetermined damages was settled by the arbitrator. *Landis* rejected that view and held:

**{10}** "According to the declaratory judgment, the money was due and payable. That the amount remained undetermined until arbitration does not bar recovery of prejudgment interest. *Royal Elec. Constr. v. Ohio State Univ.*, 73 Ohio St.3d 110, 652 N.E.2d 687, syllabus.

**{11}** "If Grange had not denied benefits, the issue of damages would have gone directly to an arbitrator and the benefits would have become due and payable no later than upon entry of the arbitrator's award. But Grange did deny benefits, and it scarcely seems equitable that the denial of benefits contractually owed to another that led both parties on a lengthy and tortuous journey through the judicial system should redound to Grange's benefit. A determination that the benefits became due and payable upon the entry of the arbitrator's award would, in this case, work an injustice by rewarding Grange for improperly denying benefits." *Landis* at 341-342.

{12}   *Landis* further explained that "* * * [insurance companies] will be subject to a prejudgment interest award, not as a punishment but as a way to prevent them from using money then due and payable to another for their own financial gain." Id. at 341.

{13}   A motion for prejudgment interest is committed to the discretion of the trial court. *Pruszynski v. Reeves,* 117 Ohio St.3d 92, 2008-Ohio-510, 881 N.E.2d 1230, ¶14.   Therefore, a reviewing court may not reverse that decision absent an abuse of discretion by the trial court.   Abuse of discretion connotes more than an error of judgment; instead, it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{14}   An award of prejudgment interest is intended to encourage prompt settlement and discourage defendants from opposing and prolonging, between injury and judgment, the resolution of legitimate claims. *Royal Elec.*, supra, 73 Ohio St.3d at 116, 652 N.E.2d 687.   A party seeking interest under R.C. 1343.03(A) need not demonstrate that the insurer acted in bad faith. *Craig v. Grange Ins. Co.* (Nov. 5, 1999), 2d Dist. No. 17675.   Prejudgment interest is not intended to punish the party responsible for the underlying damages.   Rather, it acts to compensate and ultimately to make the aggrieved party whole.   See, McCormick, Damages (1935), 205, Section 50 et seq.; 3 Restatement of the Law 2d, Contracts (1981), 150-151, Section 354(2).

{15}   To determine the amount of prejudgment interest warranted in a particular case, the trial court must inquire whether the aggrieved party has been fully compensated. *Royal Elec.* at 116.   The award of prejudgment interest is intended to

compensate the plaintiff for the period of time between accrual of the claim and judgment. Id. at 117. R.C. 1343.03(A) applies even when the judgment arises from a disputed claim and when the sum due was not capable of being ascertained until determined by the court. *Yuhanick v. Cooper* (March 14, 2001), 7th Dist. 99 CO 37.

ASSIGNMENT OF ERROR

**{16}** "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION WHICH SOUGHT PRE-JUDGMENT INTEREST IN AN UNINSURED MOTORIST CLAIM FROM THE DATE OF THE COLLISION TO THE DATE THE VERDICT WAS PAID."

**{17}** Appellant argues that he has a right to recover prejudgment interest from his insurance company calculated from the date of the accident, and that we should create a mandatory rule to this effect. Appellant acknowledges that prejudgment interest in an UIM case is determined by R.C. 1343.03(A) and that prejudgment interest is calculated from the date that the insurance claim is due and payable. We have held that an insurer will not delay the running of prejudgment interest by simply denying the claim and allowing the claim to be litigated. *Lovejoy v. Westfield National Ins. Co.* (1996), 116 Ohio App.3d 470, 476, 688 N.E.2d 563.

**{18}** Appellant relies on this Court's decision in *Rose v. Natl. Mut. Ins. Co.,* (1999), 134 Ohio App.3d 229, 730 N.E.2d 1014, to support his proposition that prejudgment interest should run from the date of the accident. However, in *Rose*, we merely upheld the decision of the trial court to grant prejudgment interest beginning on the date of the accident because the trial court did not abuse its discretion in setting that date as the date of accrual. Id. at 246. Obviously, *Rose* supports the

proposition that the date of the accident may be the proper date for accruing prejudgment interest. *Rose* does not help us determine whether there was an abuse of discretion in the instant case where the court chose another date of accrual.

{19} Appellant correctly argues that an award of prejudgment interest under R.C. 1343.03(A) is mandatory and that the trial court only has discretion in determining the date at which to begin accrual. *Norfolk Southern Ry. Co. v. Toledo Edison Co.*, 6th Dist. No. L-06-1268, 2008-Ohio-1572, ¶80; *Hawkins v. True North Energy, LLC*, 11th Dist. Nos. 2002P0098, 2002P0101, 2002P0102, 04-LW-2872, 2004-Ohio-3341, ¶63; *Slack v. Cropper*, 143 Ohio App.3d 74, 85, 2001-Ohio-8894, 757 N.E.2d 404 (11th District); *Burke v. Auto-Owners Ins. Co.*, 5th Dist. No. 2008-CA-00258, 2009-Ohio-429, ¶12; *Soebermann v. Beacon Journal Publishing Co.*, 177 Ohio App.3d 360, 2008-Ohio-3769, 894 N.E.2d 750, ¶33 (Ninth District).

{20} Although we have found one case holding that the initial decision of whether or not to award prejudgment interest in a UM/UIM case is itself a discretionary decision, that case relied on precedent dealing with R.C. 1343.03(C) rather than R.C. 1343.03(A) and appears to be inapposite to the situation at hand. See *Disbennet v. Utica Natl. Ins. Group,* 12th Dist. Nos. CA200204009, 03-LW-1595, 2003-Ohio-2013, ¶23. Prejudgment interest under R.C. 1343.03(C), dealing with tort claims, involves considerations that are not part of R.C. 1343.03(A), such as whether the parties made a good faith effort to settle. The Ohio Supreme Court has recently reiterated that even though a UIM claim does involve an element of tortious conduct surrounding the automobile accident, the insurance claim itself is a contractual claim and prejudgment interest in UIM cases is governed by R.C. 1343.03(A) and not

1343.03(C). *Stoner v. Allstate Ins. Co.,* 116 Ohio St.3d 1217, 2007-Ohio-6669, 879 N.E.2d 212. The issue pursuant to R.C. 1343.03(A) is when the money becomes "due and payable," and this is determined by the trial court using its own discretion. *Landis*, supra, 82 Ohio St.3d at 342, 695 N.E.2d 1140.

{21} In this case, the judgment entry states that the pivotal word in R.C. 1343.03(A) is "creditor," which, according to the entry, restricted how the court could interpret the phrase "due and payable." The entry stated that "the applicable statute [R.C. 1343.03(A)] makes reference to the right of a *creditor* to an award of pre-judgment interest when the 'money' becomes 'due and payable'. Plaintiff did not become a 'creditor' of Defendant nor did the money upon which interest might be calculated become 'due and payable' until that amount was determined by the jury's verdict." (1/13/10 J.E., p. 3; emphasis in original.)

{22} Using the court's logic, it is difficult, if not impossible, to imagine a scenario in which any court would ever award prejudgment interest because the due and payable date would necessarily be the date of the final judgment. In fact, the logic used by the trial court is similar to the logic used by the insurance company in *Landis* and was specifically rejected by the *Landis* Court: "Grange argues that even if prejudgment interest under R.C. 1343.03(A) is proper, no money was due and payable until the arbitration award was reduced to judgment. We disagree." Id. at 341. The crucial point of time to consider is when benefits would have been paid had the insurance company not denied the claim. Id. Is that point in time the date of the accident, because that is the date the uninsured or underinsured tortfeasor became liable to Appellant, thus triggering UM/UIM coverage? Is it the date Appellant

demanded payment of his claim from Allstate? Is it when Appellant submitted proof of his claim to Allstate? There may be some other reasonable point of time established by the trial court, but the triggering accrual date cannot be determined simply by looking at the date final judgment was rendered.

{23} Most fundamentally, the trial court must consider whether "the aggrieved party [has] been fully compensated," regardless whether the due and payable amount was "liquidated or unliquidated and even if the sum due was not capable of ascertainment until determined by the court." *Royal Elec.*, supra, 73 Ohio St.3d at 116-117, 652 N.E.2d 687. We reiterate that, when dealing with prejudgment interest in a UM/UIM case, it matters little whether the insurance company made a good faith effort to settle to claim prior to trial or final judgment. The requirement that the parties make a good faith effort to settle is an issue under R.C. 1343.03(C), dealing with tort claims, but is not an issue under R.C. 1343.03(A), dealing with contract claims such as UM/UIM coverage. *Landis*, supra, 82 Ohio St.3d at 341, 695 N.E.2d 1140.

{24} It does appear that, since *Landis*, many courts have concluded that the due and payable date for prejudgment interest in UM/UIM cases, when there is no dispute that the insured is covered by the policy's UM/UIM provisions and no dispute about the liability of the uninsured motorist, is generally the date of the accident. This was the result in the *Landis* case after it was remanded to the trial court. *Landis v. Grange Mutual Ins. Co.* (1999), 100 Ohio Misc.2d 31, 717 N.E.2d 1199. Similar results may be found in other cases: *Norton v. Allstate Ins. Co.* (Mar. 6, 2001), 5th Dist. No. 2000CA00348; *Horstman v. Cincinnati Ins. Co.* (Nov. 17, 2000), 2d Dist. No.

18430; *Disbennet v. Utica Nat. Ins. Group*, 12th Dist. No. CA2002-04-009, 2003-Ohio-2013; *Griffith v. Wausau Business Ins. Co.*, 10th Dist. Nos. 02AP-551, 02AP-664, 2003-Ohio-955. Obviously, if there are disputes about the existence of coverage at all, or the tortfeasor's liability, a later date may be more appropriate. *Landis* and subsequent decisions have rejected the idea of any bright-line rules in these cases. See, e.g., *Miller v. Gunckle*, 96 Ohio St.3d 359, 366, 775 N.E.2d 475, 2002-Ohio-4932. It appears, however, that if the only significant issue being litigated is the amount of coverage, the date of the accident may be the most appropriate due and payable date for purposes of determining prejudgment interest.

{25} The fact that the insurance company will be required to pay prejudgment interest on an award once the amount of the award is finally determined at trial should not deter the settlement of disputed issues by the parties: "[P]arties will remain free to litigate reasonable issues. However, when they litigate, they will be subject to a prejudgment interest award, not as a punishment but as a way to prevent them from using money then due and payable to another for their own financial gain." *Landis* at 341.

{26} We must also note some dispute exists in the relevant caselaw about the prejudgment interest accrual date when an automobile insurance contract contains a general provision directing the parties to resolve any dispute in a court of competent jurisdiction. This type of provision occurs in the Allstate policy in the case at hand. The Twelfth District Court of Appeals has held that when such language appears in the insurance contract, the date of final judgment may be used as the accrual date, even if the insurance contract makes no mention of a due and payable

date or prejudgment interest. *Hance v. Allstate Ins. Co.*, 12th Dist. No. CA2008-10-094, 2009-Ohio-2809. This also appears to be the view of the Ninth District Court of Appeals. *Foster v. State Auto Mut. Ins. Companies* (Jan. 5, 2000), 9th Dist. No. 19464.

**{27}** In contrast, the Second District Court of Appeals takes the opposite view in *Mundy v. Roy*, 2d Dist. No. 2005-CA-28, 2006-Ohio-993. In *Mundy*, the court found that the jury verdict did not trigger the insurance company's contractual obligation but merely confirmed that the company clearly owed the money to the insured pursuant to their contract. Id. at ¶32. *Mundy* held that the insurance contract could not "reasonably be construed to relieve Allstate of its obligation to pay prejudgment interest on the jury's verdict against it * * * merely because the parties disputed the amount of his damages and contractually had agreed to have the dispute resolved through arbitration or litigation." Id.

**{28}** A result similar to that in *Mundy* occurred in *Jewett v. Owners Ins. Co.*, 5th Dist. No. 01 CA 38, 2002-Ohio-1282. In *Jewett*, the insurance contract provided that the parties would resolve disputes about the existence or amount of coverage by entering into arbitration. The Fifth District Court of Appeals found "the fact that the amount of money appellees were entitled to was not determined until arbitration, in 1999, does not [a]ffect their right to recover prejudgment interest and does not preclude them from recovering prejudgment interest from any date prior to the date of arbitration." Id. at ¶44, 695 N.E.2d 1140. The *Jewett* Court noted that the issue of whether there was coverage under the policy was determined in 2007, even though the monetary amount of coverage was not determined until 2009. The *Jewett* Court

affirmed the decision of the trial court to award prejudgment interest from the date of the accident.

{29} We do not agree with *Hance* that a general provision in an insurance contract, such as the Allstate contract in this appeal, directing the parties to resolve disputes in a court of competent jurisdiction, also prevents the insured from being awarded prejudgment interest from the date of the accident. We believe this general provision merely alerts the parties as to which tribunal has jurisdiction to resolve any disputes. Consistent with *Landis* and *Royal Elec.*, we hold that the insured is not prevented from receiving an award of prejudgment interest that accrues on a date prior to final judgment merely because the parties litigated a genuine dispute regarding the amount of coverage or disputed the exact dollar amount of damages. Again, consistent with *Landis* and *Royal Elec.*, the court in this case could have made a valid award of prejudgment interest from the date of the accident, the date the claim was presented, the date proof was made of the claim, or some other reasonable date prior to the date of final judgment. It was error, however, to adopt the date of final judgment as the accrual date simply because the dollar value of the damages was determined on that date. For all the aforementioned reasons, we sustain Appellant's sole assignment of error and vacate the January 13, 2010, final judgment entry.

{30} Allstate raises a further issue that must be resolved in this appeal. Allstate argues that Appellant failed to object to the magistrate's decision of December 10, 2009, which denied the motion for prejudgment interest, and by failing to object waived any error on appeal. Although a party who disagrees with the trial judge's adoption of any finding of fact or conclusion of law made by a magistrate is

generally required to first file objections pursuant to Civ.R. 53(D)(3)(b)(4), this matter involves a document that purports to abrogate that rule. On September 29, 2009, the parties filed a "Stipulation, Waiver and Consent" agreement with the court. This agreement begins by stating that "[a]ll counsel and parties hereby stipulate that this case will be tried to a jury with Magistrate Timothy G. Welsh presiding." This is an acceptable stipulation and within the scope of a magistrate's authority pursuant to Civ.R. 53(C)(1)(c). The parties agreed to be bound by the magistrate's decisions as if they were made by the judge, including procedural, evidentiary and post-trial motions. Again, we find nothing unusual about the stipulations up to this point.

{31} The second and third paragraphs of the stipulations, though, present us with a different scenario. Those two paragraphs read as follows:

{32} "The undersigned further agree that the decisions of the Magistrate, and if applicable, all findings of fact and conclusions of law which may be incorporated into any Magistrate's Decision shall be final and binding upon all parties. The undersigned waive any and all objections to said Magistrate's orders and/or decisions and authorize the Judge of this Court to approve same and to enter judgment, or an appropriate Order in conformity therewith.

{33} "Notwithstanding anything herein to the contrary, the undersigned do hereby preserve their respective rights of appeal to the appropriate Court of Appeals as with other judgments and orders of this trial court and/or Judgment upon the Verdict."

{34} It is clear to us that the intention of these paragraphs is to alleviate the need for the parties to file objections to the magistrate's decision by purporting to

elevate the magistrate's decision to the level of a final judgment, thus allowing the parties to use a direct appeal to this Court to first raise any errors that occurred. Such a stipulation is inconsistent with the clear wording and intent of Civ.R. 53. "[A] stipulation running directly contrary to the clear import of a rule of civil procedure should not be enforced." *Welsh v. Brown-Graves Lumber Co.* (1978), 58 Ohio App.2d 49, 52, 389 N.E.2d 514. The powers delegated to a magistrate under Civ.R. 53 are given merely "[t]o assist courts of record," not to usurp or replace the ultimate role of the trial judge. Civ.R. 53(C)(1); see also see, 1970 Staff Note to Civ.R. 53 ("a [magistrate] shall aid the court in the expedition of the court's business and not be [a] substitute for the functions of the court").

{35} The Ohio Supreme Court has held that "Civ.R. 53 places upon the *court* the ultimate authority and responsibility over the referee's findings and rulings. The court must undertake an independent review of the referee's report to determine any errors." *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 5, 615 N.E.2d 617. *Hartt* further held that "even where a jury is the factfinder, the trial court remains as the ultimate determiner of alleged error by a [magistrate]." Id. at 6.

{36} At least two courts of appeal have rejected stipulations very similar to the stipulation filed in this case on the grounds that it improperly attempted to abrogate the function and duty of the trial court in reviewing a magistrate's decision. In *Yantek v. Coach Builders Ltd., Inc.*, 1st Dist. No. C-060601, 2007-Ohio-5126, the stipulation provided that the trial court would sign a final judgment entry based on any verdict and any motion rulings by the magistrate, and that the parties waived any objection to the magistrate presiding over the trial, but retained the right to appeal the

substance of any of the magistrate's rulings. Id. at ¶2. *Yantek* determined that "the parties agreed to circumvent the minimal and essential procedural requirements of a trial court's review of the face of a magistrate's decision and its adoption, rejection or modification of the magistrate's orders." Id. at ¶18. The *Yantek* court held that "there is no provision in the civil rules that permits parties to waive the trial court's obligation to review the magistrate's decision for errors of law and to adopt or modify the decision, as the parties attempted to do here. The form stipulation thus fails to comply with the civil rules. Permitting its use would allow parties to substitute magistrates' decisions for those of the trial court and would, in effect, permit direct appeal from a magistrate's decision." (Citations omitted.) Id.

**{37}** In *Constr. Sys., Inc. v. Garlikov & Assoc., Inc.*, 10th Dist. No. 09AP-1134, 2010-Ohio-3893, the Tenth District rejected a similar stipulation with respect to the factual findings made by the magistrate. The court noted that, prior to January 2006, Civ.R. 53(E)(3) permitted parties to stipulate in writing that a magistrate's findings of fact shall be final, but that this provision was removed from the rule and no longer applies. The court held that, under the current version of Civ.R. 53, parties must object to findings of fact in order to preserve any issues for review on direct appeal, and that the trial court must use its discretion in conducting an independent review of those objections. Id. at ¶19. The Tenth District found that the trial court, when faced with the parties' stipulation, was unable to make an independent review of the magistrate's decision, and thus, committed reversible error. The court held that proper appellate review was impossible under such circumstances, and the case was remanded for the trial court to consider the parties' objections.

**{38}** Although Allstate would have us enforce the stipulation against Appellant by holding that he waived his right to appeal because no objections were filed, it is clear that this remedy would be completely inequitable, given the facts of this case. The stipulation was signed by the trial judge, thus giving it the appearance of court sanction. It would be inconsistent with a court's goal of providing substantial justice that any or all parties be punished for a procedural error induced, at least in part, by the court itself. Because the stipulation could not accomplish three of its stated purposes (it could not waive the need for objections, it could not waive the trial court's duty to review the magistrate's decision, and it could not preserve all rights of appeal), we must remand the matter so that the parties have the opportunity to properly object and so that the trial court may independently review any further decisions issued by the magistrate. In sustaining Appellant's assignment of error, we do not simply substitute our judgment for that of the trial court. The trial court must exercise its discretion in determining the due and payable date for prejudgment interest in light of the reasoning and analysis presented in this Opinion. We hereby vacate both the trial court's final order of January 13, 2010, and the December 10, 2009, magistrate's decision (captioned as a "judgment entry"), and remand the matter for the issuance of a new magistrate's decision disposing of Appellant's motion for prejudgment interest. We also hold that paragraphs two and three of the September 29, 2009, Stipulation, Waiver and Consent, are unenforceable and are hereby rendered null and void and the matter is further remanded for the appropriate review by the trial court.

## CONCLUSION

{39}    The date on which prejudgment interest begins to accrue in an UM/UIM claim is determined under R.C. 1343.03(A) based on the date the claim is due and payable.  This date is determined by the trial court using its own discretion.  The trial court determined that Allstate became a creditor to Appellant on the date final judgment was rendered.  Based on its status as creditor, the court held that the accrual for prejudgment interest was the date of final judgment, thus denying Appellant's motion for prejudgment interest.  This logic was specifically rejected, however, by the Ohio Supreme Court in *Landis* and *Royal Elec.*, and for that reason the judgment must be vacated.  On remand, the court must determine the date on which prejudgment interest accrued based on its consideration of whether Appellant has been fully compensated, regardless whether the exact amount of damages was incapable of being ascertained until the jury rendered its verdict.

{40}    We also reject Allstate's argument that Appellant has waived his right to appeal the trial court's judgment regarding prejudgment interest.  The parties in this case entered into a partially unenforceable "Stipulation, Waiver and Consent" in which they agreed to forego the requirement of filing objections to the magistrate's decision while also attempting to preserve their appellate rights.  We hold that paragraphs two and three of the stipulation are unenforceable, and that on remand the parties and the trial court will follow the objection and review process required by Civ.R. 53.  The January 13, 2010, judgment of the trial court and the December 10, 2009, magistrate's decision (captioned as a "judgment entry") are hereby vacated, along with paragraphs two and three of the September 29, 2009, "Stipulation, Waiver

and Consent." The case is remanded to the trial court for further proceedings consistent with this Opinion.

Donofrio, J., concurs.

Vukovich, J., concurs.