# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

JERRY STARE ET AL.,

Plaintiffs-Appellants,

v.

GRANGE INDEMNITY INSURANCE COMPANY, ET AL.,

Defendants-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0027**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2020 CV 01824

**BEFORE:**
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment,
Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Michael Goldberg,* Law Office of J. Michael Goldberg LLC, for Plaintiffs-Appellants and

*Atty. Belinda S. Barnes* and *Atty. James R. Gallagher,* Gallagher, Gams, Tallan, Barnes & Littrell LLP, and *Atty. Andrew J. Kielkopf*, for Defendant-Appellee.


Dated:  February 21, 2024

**KLATT, J.**

{¶1}   Appellants, Jerry and Karen Stare (together "the Stares"), appeal from the January 23, 2023 judgment of the Mahoning County Court of Common Pleas awarding them prejudgment interest upon jury verdicts against Appellee, Grange Indemnity Insurance Company ("Grange"), on an uninsured motorist ("UM") policy involving an automobile accident.  On appeal, the Stares argue the trial court erred in choosing the wrong accrual date for purposes of calculating prejudgment interest.  Specifically, the Stares posit the date of the accident (November 10, 2017) must be the date upon which prejudgment interest began calculating, not the date they refiled their complaint in Mahoning County (November 10, 2020), as found by the trial court.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}   This case arises from a November 10, 2017 automobile accident in Columbus, Franklin County, Ohio.  An uninsured motorist, Desiree Neal ("Neal"), rear-ended the Stares' vehicle.  Jerry was the driver and Karen was the front seat passenger.  The Stares suffered bodily injuries as a result of the accident caused by Neal's negligence.

{¶3}   The Stares were covered under an automobile insurance policy issued by Grange which provided UM/UIM (underinsured) coverage.   There was no dispute regarding coverage nor any denial that Neal was the sole cause of the accident.  Rather, at issue was the nature and extent of the injuries claimed by the Stares and the valuation thereof.

{¶4}   On November 8, 2019, two days before the two-year statute of limitations ran as to Neal, the Stares filed a complaint against Grange and Neal in Cuyahoga County.[1]   On January 10, 2020, the Cuyahoga County Court of Common Pleas determined Cuyahoga County to be an improper venue and transferred the case to Franklin County.  While the case was pending in Franklin County, the Stares filed a motion on April 21, 2020 to transfer the matter to Mahoning County.  On August 20, 2020, the

---

[1] Neal later filed for bankruptcy and was discharged.

Case No. 23 MA 0027

Franklin County Court of Common Pleas denied the Stares' motion. The Stares subsequently voluntarily dismissed the case.

{¶5} On November 10, 2020, three years after the accident, the Stares refiled their complaint in Mahoning County alleging negligence, loss of consortium and effect on family relationships, and first party insurance coverage and bad faith. Grange filed an answer and a cross-claim against Neal on December 11, 2020. On January 20, 2021, Grange voluntarily dismissed its cross-claim against Neal without prejudice.

{¶6} Throughout this action, the Stares refused to negotiate from their initial demands of $100,000 each (the "each person" UM coverage limit) despite attending mediation. Numerous documented delays occurred at the trial court level.

{¶7} On January 25, 2021, Grange filed a motion to bifurcate the bad faith cause of action and stay bad faith discovery. On February 8, 2021, the day their memorandum contra was due, the Stares moved for an extension to respond, which was sustained. On February 17, 2021, the Stares filed a brief in opposition and a supplement four days later.

{¶8} On March 1, 2021, Grange filed a motion for summary judgment. On March 24, 2021, the Stares filed a brief in opposition and a partial motion for summary judgment. On May 18, 2021, by unanimous consent of the parties, a jury trial on all issues and motions were referred to the magistrate and the summary judgment motions were withdrawn.

{¶9} Mediations and a pretrial were scheduled. On January 18, 2022, three days after their discovery deadline, the Stares moved to extend the expert report deadlines and to reset the non-expert fact deadlines, which was sustained. Mediation was at an impasse.

{¶10} A final pretrial conference was held on June 22, 2022. The Stares still refused to lower their demands under the policy limits. As a result, Grange had no meaningful ability to work toward a settlement with the Stares for nearly five years.

{¶11} A jury trial on the contractual claims commenced on August 8, 2022. The jury found in favor of the Stares. Jerry was awarded $8,000 and Karen $70,000 in compensatory damages against Grange. On August 15, 2022, the magistrate filed an entry upon jury's verdicts and indicated that the Stares' bifurcated claims for bad faith remain pending against Grange for further adjudication upon the merits. That same date,

the trial court filed an entry indicating that its final judgment is entered consistent with the magistrate's entry upon jury's verdicts.

{¶12}  On September 12, 2022, the Stares filed a motion for prejudgment interest pursuant to R.C. 1343.03(A) on the contractual UM damages verdicts, and an amended motion the following day.  Karen requested a prejudgment interest award of $13,601.39 and Jerry requested an award of $1,554.44.  The Stares argued the date of the accident (November 10, 2017), nearly five years prior to the jury award, must be the date upon which prejudgment interest began calculating.  Grange disagreed and argued the trial court was within its right to select a more appropriate date for the accrual of prejudgment interest.  On October 4, 2022, the day after it was due, the Stares requested a three-day extension to file their reply to their motion for prejudgment interest which was granted.  On October 7, 2022, the Stares moved for an additional seven-day extension which was granted.  The Stares filed their reply on October 14, 2022.

{¶13}  Following a hearing, on November 3, 2022, the magistrate filed an entry and award of prejudgment interest.   The magistrate found the following: "to award prejudgment interest from the date of the accident would be unjust"; the Stares' "conduct in prosecuting this litigation caused unusual and unnecessary delay as a result of which they should not experience a windfall"; "the appropriate accrual date for purposes of calculating an award of prejudgment interest is November 10, 2020[,]" the date the case was refiled in Mahoning County; "the Magistrate utilized the Tax Commissioner's determination of interest rates provided by [the Stares]"; the magistrate found in favor of Jerry and against Grange in the amount of $423.60 and in favor of Karen and against Grange in the amount of $4,000; and the magistrate further indicated that the Stares' "bifurcated claims for bad faith remain pending against [Grange] for further adjudication upon the merits."  (11/3/2022 Magistrate's Entry and Award of Prejudgment Interest, p. 2-3).

{¶14}  On November 21, 2022, the trial court filed an entry indicating that "the Final Judgment Entry of this Court is entered consistent with the Magistrate's Entry and Award of Prejudgment Interest filed on November 3, 2022."  (11/21/2022 Judgment Entry).

{¶15}  On December 22, 2022, Grange filed a notice of tender.  On January 18, 2023, the Stares filed a notice of dismissal of Neal.  On January 19, 2023, the trial court

entered its final judgment consistent with the magistrate's entry upon jury's verdicts filed on August 15, 2022, in favor of Jerry in the amount of $8,000 and in favor of Karen in the amount of $70,000. The court again noted the Stares' "bifurcated claims for bad faith remain pending against [Grange] for further adjudication upon the merits." (1/19/2023 Judgment Entry, p. 2).

**{¶16}** Because the trial court failed to include "no just reason for delay" language in its November 21, 2022 entry, the Stares requested that Civ.R. 54(B) language be added. The court complied and filed a final appealable order on January 23, 2023.

**{¶17}** The Stares filed a timely notice of appeal and raise one assignment of error.[2]

## ASSIGNMENT OF ERROR

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DEPRIVING APPELLANTS OF PREJUDGMENT INTEREST THEY WERE ENTITLED TO UNDER R.C. 1343.03(A).**

**{¶18}** In the Stares' sole assignment of error, they argue the trial court erred in choosing the wrong accrual date for purposes of calculating prejudgment interest. Specifically, the Stares claim the date of the accident (November 10, 2017) must be the only date upon which prejudgment interest began calculating, not the date they refiled their complaint in Mahoning County (November 10, 2020), as found by the trial court. The Stares contend this court must apply a de novo standard of review and claim that *Landis v. Grange Mutual Ins. Co.*, 82 Ohio St.3d 339 (1998) "has no precedential value." (9/5/2023 Appellants' Reply Brief, p. 2). We disagree.

> In Ohio, the leading case on the issue of prejudgment interest in an UM/UIM
> claim is *Landis v. Grange Mutual Ins. Co.* (1998), 82 Ohio St.3d 339, 695

---

[2] In addition to the numerous documented delays at the trial court level, delays occurred at this court's level as well, including motions by the Stares for extensions to file the trial transcripts and motions by the Stares for extensions to file their appellate brief. Ultimately, when the Stares had not filed their brief by July 31, 2023, Grange filed a motion to dismiss the appeal for failure to prosecute. Following a status conference, this court granted a final extension and the Stares finally filed their brief on August 4, 2023.

N.E.2d 1140. In *Landis,* the Supreme Court of Ohio recognized that UM/UIM claims are contractual in nature and therefore subject to R.C. 1343.03(A) with respect to the award and calculation of interest. *Id.* at 341, 695 N.E.2d 1140. R.C. 1343.03(A) provides in pertinent part: "(W)hen money becomes due and payable upon any (* * *) instrument of writing (* * *) and upon all judgments (* * *) for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code(.)"

In *Landis,* the insured was covered by the UM provisions of his employer's automobile insurance policy, with limits of $1,000,000. The insured was walking in Sandusky, Ohio, when he was struck by an underinsured motorist. The tortfeasor's insurer paid the liability limit of $100,000 to Mr. Landis, and he presented a UM claim to Grange. Grange denied the claim, and Mr. Landis filed a declaratory judgment action to determine coverage. The trial court eventually ruled in Mr. Landis' favor and the case was submitted to an arbitrator to determine damages pursuant to the terms of the insurance policy. The arbitrator awarded the full policy limits as damages. Mr. Landis then filed a motion for prejudgment interest, which was denied. The prejudgment interest issue was appealed to the Ohio Supreme Court.

*Landis* held that a UM/UIM claim sounds in contract rather than tort and is governed by the section of the prejudgment interest statute dealing with contract claims, R.C. 1343.03(A). The *Landis* Court further reasoned that whether prejudgment interest "should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if Grange had not denied benefits, or some other time based on when Grange should have paid Landis *is for the trial court to determine.*" (Emphasis added.) *Id.* at 342, 695 N.E.2d 1140. * * *

\* \* \*

*Landis* further explained that "(\* \* \*) (insurance companies) will be subject to a prejudgment interest award, not as a punishment but as a way to prevent them from using money then due and payable to another for their own financial gain." *Id.* at 341, 695 N.E.2d 1140.

A motion for prejudgment interest is committed to the discretion of the trial court. *Pruszynski v. Reeves,* 117 Ohio St.3d 92, 2008-Ohio-510, 881 N.E.2d 1230, ¶ 14. Therefore, a reviewing court may not reverse that decision absent an abuse of discretion by the trial court. Abuse of discretion \* \* \* implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

An award of prejudgment interest is intended to encourage prompt settlement and discourage defendants from opposing and prolonging, between injury and judgment, the resolution of legitimate claims. *Royal Elec.* [*Constr. v. Ohio State Univ.,*] 73 Ohio St.3d [110] at 116, 652 N.E.2d 687 [(1995)]. A party seeking interest under R.C. 1343.03(A) need not demonstrate that the insurer acted in bad faith. *Craig v. Grange Ins. Co.* (Nov. 5, 1999), 2d Dist. No. 17675. Prejudgment interest is not intended to punish the party responsible for the underlying damages. Rather, it acts to compensate and ultimately to make the aggrieved party whole. See, McCormick, Damages (1935), 205, Section 50 et seq.; 3 Restatement of the Law 2d, Contracts (1981), 150-151, Section 354(2).

To determine the amount of prejudgment interest warranted in a particular case, the trial court must inquire whether the aggrieved party has been fully compensated. *Royal Elec.* at 116, 652 N.E.2d 687. The award of prejudgment interest is intended to compensate the plaintiff for the period of time between accrual of the claim and judgment. *Id.* at 117, 652 N.E.2d 687. R.C. 1343.03(A) applies even when the judgment arises from a

disputed claim and when the sum due was not capable of being ascertained until determined by the court. *Yuhanick v. Cooper* (March 14, 2001), 7th Dist. 99 CO 37.

*Persello v. Allstate Ins. Co.*, 7th Dist. Mahoning No. 10 MA 18, 2011-Ohio-3230, ¶ 7-9, 12-15.

**{¶19}** In this case, the trial court did not abuse its discretion in determining that the date of accrual for prejudgment interest should be the date the Stares refiled their complaint in Mahoning County (November 10, 2020) as trial courts have discretion in determining a reasonable date of accrual. *Landis, supra,* at 342 (Whether prejudgment interest should be calculated from the date coverage was demanded or denied, from the date of the accident, or from some other time is for the trial court to determine.); *Persello, supra,* at ¶ 9, 13.

**{¶20}** As stated, the trial court determined the following: "to award prejudgment interest from the date of the accident would be unjust"; the Stares' "conduct in prosecuting this litigation caused unusual and unnecessary delay as a result of which they should not experience a windfall"; and "the appropriate accrual date for purposes of calculating an award of prejudgment interest is November 10, 2020[,]" the date the case was refiled in Mahoning County. (11/3/2022 Magistrate's Entry and Award of Prejudgment Interest, p. 2); (11/21/2022 Judgment Entry).

**{¶21}** The automobile accident occurred on November 10, 2017 in Columbus, Franklin County, Ohio. On November 8, 2019, two days before the two-year statute of limitations ran as to Neal, the Stares filed a complaint in Cuyahoga County, an improper venue. The case was subsequently transferred to Franklin County. The Stares later voluntarily dismissed the case. On November 10, 2020, three years after the accident, the Stares refiled the case in Mahoning County. As addressed, throughout this action, numerous documented delays occurred at the trial court level. The Stares refused to negotiate from their initial demands of $100,000 each (the "each person" UM coverage limit) despite attending mediation. Even at the final pretrial conference held on June 22, 2022, the Stares still refused to lower their demands under the policy limits. As a result, Grange had no meaningful ability to work toward a settlement with the Stares for nearly five years.

Case No. 23 MA 0027

**{¶22}** The Stares' position that the date of accrual for an award of prejudgment interest is always the date of the accident is both misplaced and unfounded under Ohio law. *Landis, supra,* at 342 (Whether prejudgment interest should be calculated from the date coverage was demanded or denied, from the date of the accident, or from some other time is for the trial court to determine.); *Persello, supra,* at ¶ 9, 13. Grange aptly posits the following:

> If, as [the Stares] argue, the date of accrual for an award of prejudgment interest is always the date of the accident, plaintiffs in general will be afforded an amazing money-making opportunity. By delaying the case for years, plaintiffs can take advantage of the statutory interest rate, which interest rate currently exceeds the interest offered if the funds were placed in a checking or savings account or a certificate of deposit. This is why the Ohio Supreme Court and lower appellate courts have expressly rejected [the Stares'] argument that prejudgment interest must start from the date of the accident and have given the trial courts the discretion to choose a fair and equitable date for the accrual of prejudgment interest. In doing so, they have struck a balance between encouraging insurance carriers to expediently settle meritorious claims while preventing insureds from benefiting from their own delay in prosecuting a case.

(8/23/2023 Appellee's Brief, p. 9-10).

**{¶23}** The purpose of prejudgment interest is not to punish a defendant. "[P]rejudgment interest does not punish the party responsible for the underlying damages * * *, but, rather, it acts as compensation and serves ultimately to make the aggrieved party whole." *Royal Elec., supra,* at 117. An award of prejudgment interest dating back nearly five years due to delays the trial court determined were caused solely by the Stares would certainly serve to punish Grange.

**{¶24}** It was within the trial court's discretion to determine a reasonable date for prejudgment interest. *Landis, supra,* at 342; *Persello, supra,* at ¶ 9, 13. Based on the facts presented and the record before us, the court did not abuse its discretion in

Case No. 23 MA 0027

determining November 10, 2020, the date the action was refiled in Mahoning County, to be a fair and equitable date to start the running of prejudgment interest.

## CONCLUSION

**{¶25}** For the foregoing reasons, the Stares' sole assignment of error is not well-taken. The January 23, 2023 judgment of the Mahoning County Court of Common Pleas is affirmed.

Waite, J., concurs.

Hanni, J., concurs.

Case No. 23 MA 0027

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**