[Cite as *Stare v. Grange Indemn. Ins. Co.*, 2024-Ohio-1097.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

### JERRY STARE ET AL.,

Plaintiffs-Appellants,

v.

### GRANGE INDEMNITY INSURANCE COMPANY, ET AL.,

Defendants-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0027**

---

Application for Reconsideration

**BEFORE:**
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment,
Cheryl L. Waite, Mark A, Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. J. Michael Goldberg,* Law Office of J. Michael Goldberg LLC, for Plaintiffs-Appellants and

*Atty. Atty. Belinda S. Barnes* and *Atty. James R. Gallagher,* Gallagher, Gams, Tallan, Barnes & Littrell LLP, and *Atty. Andrew J. Kielkopf*, for Defendant-Appellee.

Dated: March 22, 2024

**PER CURIAM.**

**{¶1}** On March 4, 2024, Appellants, Jerry and Karen Stare (together "the Stares"), filed an application requesting that this court reconsider our decision in *Stare v. Grange Indemnity Ins. Co.*, 7th Dist. Mahoning No. 23 MA 0027, 2024-Ohio-654, in which we affirmed the judgment of the Mahoning County Court of Common Pleas awarding them prejudgment interest upon jury verdicts against Appellee, Grange Indemnity Insurance Company ("Grange"), on an uninsured motorist ("UM") policy involving an automobile accident.[1]  The Stares posit the date of the accident (November 10, 2017) must be the date upon which prejudgment interest began calculating, not the date they refiled their complaint in Mahoning County (November 10, 2020), as found by the trial court.  Thus, the Stares contend that this court's decision affirming the trial court's judgment was in error and that we should, therefore, reconsider the opinion pursuant to App.R. 26(A).

> App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

*D.G. v. M.G.G.*, 7th Dist. Mahoning No. 17 MA 0165, 2019-Ohio-1190, ¶ 2.

---

[1] Grange filed a Memorandum Contra on March 11, 2024.  The Stares filed a Reply on March 18, 2024.

Case No. 23 MA 0027

**{¶2}** In their application, the Stares assert:

> This Court has applied an incorrect standard of review; it has resorted to making findings outside the record, relying upon appellee's twisted version of the parties' negotiations; and it has taken a legal entitlement and judicially conditioned that entitlement on a standard of conduct that, among other things, punishes the appellants for having exercised rights protected by the Ohio Constitution, by legislative statutes, and by judicial rules.

(3/4/2024 Appellants' Application for Reconsideration, p. 1).

**{¶3}** Contrary to the Stares' assertion, the record establishes this court did not make any obvious errors or render a decision that is not supported by the law. This court did not apply an incorrect standard, did not make findings outside the record, and did not unduly punish the Stares by affirming the trial court's judgment.

**{¶4}** In *Stare*, we stated the following:

> The Stares contend this court must apply a de novo standard of review and claim that *Landis v. Grange Mutual Ins. Co.*, 82 Ohio St.3d 339 (1998) "has no precedential value."[2] (9/5/2023 Appellants' Reply Brief, p. 2). We disagree.

> In Ohio, the leading case on the issue of prejudgment interest in an UM/UIM claim is *Landis v. Grange Mutual Ins. Co.* (1998), 82 Ohio St.3d 339, 695 N.E.2d 1140. In *Landis,* the Supreme Court of Ohio recognized that UM/UIM claims are contractual in nature and therefore subject to R.C. 1343.03(A) with respect to the award and calculation of interest. *Id.* at 341, 695 N.E.2d 1140. R.C. 1343.03(A) provides in pertinent part: "(W)hen money becomes due and payable upon any (* * *) instrument of writing (* * *) and upon all judgments (* * *) for the payment of money arising out of tortious conduct or

---

[2] The Stares now attempt to retract that claim in their application. *See* (3/4/2024 Appellants' Application for Reconsideration, p. 6). However, the Stares did in fact clearly state on appeal in their reply brief that *Landis* "has no precedential value." (9/5/2023 Appellants' Reply Brief, p. 2).

a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code(.)"

In *Landis,* the insured was covered by the UM provisions of his employer's automobile insurance policy, with limits of $1,000,000. The insured was walking in Sandusky, Ohio, when he was struck by an underinsured motorist. The tortfeasor's insurer paid the liability limit of $100,000 to Mr. Landis, and he presented a UM claim to Grange. Grange denied the claim, and Mr. Landis filed a declaratory judgment action to determine coverage. The trial court eventually ruled in Mr. Landis' favor and the case was submitted to an arbitrator to determine damages pursuant to the terms of the insurance policy. The arbitrator awarded the full policy limits as damages. Mr. Landis then filed a motion for prejudgment interest, which was denied. The prejudgment interest issue was appealed to the Ohio Supreme Court.

*Landis* held that a UM/UIM claim sounds in contract rather than tort and is governed by the section of the prejudgment interest statute dealing with contract claims, R.C. 1343.03(A). The *Landis* Court further reasoned that whether prejudgment interest "should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if Grange had not denied benefits, or some other time based on when Grange should have paid Landis *is for the trial court to determine.*" (Emphasis added.) *Id.* at 342, 695 N.E.2d 1140. (* * *)

(* * *)

*Landis* further explained that "(* * *) (insurance companies) will be subject to a prejudgment interest award, not as a punishment but as a way to prevent them from using money then due and payable to another for their own financial gain." *Id.* at 341, 695 N.E.2d 1140.

A motion for prejudgment interest is committed to the discretion of the trial court. *Pruszynski v. Reeves,* 117 Ohio St.3d 92, 2008-Ohio-510, 881 N.E.2d 1230, ¶ 14. Therefore, a reviewing court may not reverse that decision absent an abuse of discretion by the trial court. Abuse of discretion (* * *) implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

An award of prejudgment interest is intended to encourage prompt settlement and discourage defendants from opposing and prolonging, between injury and judgment, the resolution of legitimate claims. *Royal Elec.* [*Constr. v. Ohio State Univ.,*] 73 Ohio St.3d [110] at 116, 652 N.E.2d 687 [(1995)]. A party seeking interest under R.C. 1343.03(A) need not demonstrate that the insurer acted in bad faith. *Craig v. Grange Ins. Co.* (Nov. 5, 1999), 2d Dist. No. 17675. Prejudgment interest is not intended to punish the party responsible for the underlying damages. Rather, it acts to compensate and ultimately to make the aggrieved party whole. See, McCormick, Damages (1935), 205, Section 50 et seq.; 3 Restatement of the Law 2d, Contracts (1981), 150-151, Section 354(2).

To determine the amount of prejudgment interest warranted in a particular case, the trial court must inquire whether the aggrieved party has been fully compensated. *Royal Elec.* at 116, 652 N.E.2d 687. The award of prejudgment interest is intended to compensate the plaintiff for the period of time between accrual of the claim and judgment. *Id.* at 117, 652 N.E.2d 687. R.C. 1343.03(A) applies even when the judgment arises from a disputed claim and when the sum due was not capable of being ascertained until determined by the court. *Yuhanick v. Cooper* (March 14, 2001), 7th Dist. 99 CO 37.

*Stare,* 2024-Ohio-654, ¶ 18, quoting *Persello v. Allstate Ins. Co.*, 7th Dist. Mahoning No. 10 MA 18, 2011-Ohio-3230, ¶ 7-9, 12-15 (applying R.C. 1343.03(A)).

**{¶5}**  In *Stare*, this court further stated:

In this case, the trial court did not abuse its discretion in determining that the date of accrual for prejudgment interest should be the date the Stares refiled their complaint in Mahoning County (November 10, 2020) as trial courts have discretion in determining a reasonable date of accrual. *Landis, supra,* at 342 (Whether prejudgment interest should be calculated from the date coverage was demanded or denied, from the date of the accident, or from some other time is for the trial court to determine.); *Persello, supra,* at ¶ 9, 13.

As stated, the trial court determined the following: "to award prejudgment interest from the date of the accident would be unjust"; the Stares' "conduct in prosecuting this litigation caused unusual and unnecessary delay as a result of which they should not experience a windfall"; and "the appropriate accrual date for purposes of calculating an award of prejudgment interest is November 10, 2020[,]" the date the case was refiled in Mahoning County. (11/3/2022 Magistrate's Entry and Award of Prejudgment Interest, p. 2); (11/21/2022 Judgment Entry).

The automobile accident occurred on November 10, 2017 in Columbus, Franklin County, Ohio. On November 8, 2019, two days before the two-year statute of limitations ran as to Neal, the Stares filed a complaint in Cuyahoga County, an improper venue. The case was subsequently transferred to Franklin County. The Stares later voluntarily dismissed the case. On November 10, 2020, three years after the accident, the Stares refiled the case in Mahoning County. As addressed, throughout this action, numerous documented delays occurred at the trial court level. The Stares refused to negotiate from their initial demands of $100,000 each (the "each person" UM coverage limit) despite attending mediation. Even at the final pretrial conference held on June 22, 2022, the Stares still refused to lower their

demands under the policy limits. As a result, Grange had no meaningful ability to work toward a settlement with the Stares for nearly five years.

The Stares' position that the date of accrual for an award of prejudgment interest is always the date of the accident is both misplaced and unfounded under Ohio law. *Landis, supra,* at 342 (Whether prejudgment interest should be calculated from the date coverage was demanded or denied, from the date of the accident, or from some other time is for the trial court to determine.); *Persello, supra,* at ¶ 9, 13. * * *

* * *

The purpose of prejudgment interest is not to punish a defendant. "[P]rejudgment interest does not punish the party responsible for the underlying damages * * *, but, rather, it acts as compensation and serves ultimately to make the aggrieved party whole." *Royal Elec., supra,* at 117. An award of prejudgment interest dating back nearly five years due to delays the trial court determined were caused solely by the Stares would certainly serve to punish Grange.

It was within the trial court's discretion to determine a reasonable date for prejudgment interest. *Landis, supra,* at 342; *Persello, supra,* at ¶ 9, 13. Based on the facts presented and the record before us, the court did not abuse its discretion in determining November 10, 2020, the date the action was refiled in Mahoning County, to be a fair and equitable date to start the running of prejudgment interest.

*Stare*, 2024-Ohio-654, ¶ 19-24.

**{¶6}** Upon consideration of the App.R. 26(A) application filed in the present matter, it is apparent that the Stares have not demonstrated any obvious errors or raised any issues that were not adequately addressed in our previous opinion. This court is not persuaded that we erred as a matter of law.

Case No. 23 MA 0027

**{¶7}** An application for reconsideration is not designed to be used in situations wherein a party simply disagrees with the logic employed or the conclusions reached by an appellate court. *Owens, supra,* at 336. App.R. 26(A) is meant to provide a mechanism by which a party may prevent a miscarriage of justice that could arise when an appellate court makes an obvious error or renders a decision that is not supported by the law. *Id.* The Stares have made no such demonstration.

**{¶8}** For the foregoing reasons, the Stares' application for reconsideration is hereby denied.

**JUDGE WILLIAM A. KLATT,**
**RETIRED, SITTING BY ASSIGNMENT**

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 23 MA 0027